STATE, RELATOR, *v.* DISTRICT COURT OF SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,396.)

(Submitted January 21, 1907. Decided January 28, 1907.)

(88 Pac. 564.)

*Habeas Corpus—District Courts—Jurisdiction—Constitution— Certiorari.*

*Habeas Corpus*—District Courts—Jurisdiction.
    1. The jurisdiction granted to district courts and their judges to issue the writ of *habeas corpus*, by Article VIII, section 11 of the Constitution, ''on petition by, or on behalf of, any person held in actual custody in their respective districts,'' is exclusive; and the power of a district judge to inquire into the legality of the detention of persons in custody is, therefore, confined to cases where the complainant, who seeks his release, is so detained within the boundaries of the district over which such judge presides.
Same—Judicial Districts—Absence of Judge.
    2. Where the judge of a judicial district, within the confines of which a person imprisoned seeks to have the legality of his incarcera-

tion determined by writ of *habeas corpus*, is absent from the state, and no judge temporarily presides over such court, the application should be made to the supreme court or a justice thereof and not to a district judge in another district.

Same—Refusal of Writ in District Court—Application to Supreme Court. 3. *Obiter:* A person claiming to be illegally deprived of his liberty may, after an adverse ruling on his petition for writ of *habeas corpus* in the district court, apply to the supreme court to have his rights again inquired into.

ORIGINAL application for writ of *certiorari* by the state, to the district court of the second judicial district and the Honorable George M. Bourquin, a judge thereof, to review an order in *habeas corpus* proceedings.   Order annulled.

*Mr. Albert J. Galen,* Attorney General, *Mr. E. M. Hall,* Assistant Attorney General, and *Mr. Jas. E. Murray,* for Relator.

*Messrs. Maury & Hogevoll,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari.*   On October 13, 1905, one Andrew Fairgraives was charged on information by the county attorney of Silver Bow county with the crime of willfully and maliciously assaulting one Annie Rhudy with corrosive acids and caustic chemicals, with intent to injure the flesh and disfigure the body of said Annie Rhudy.   This crime is by the statute made a felony, and is punishable by imprisonment in the state prison for a term of not less than one or more than fourteen years.   A trial upon this charge resulted in a verdict of guilty on February 26, 1906. On March 3d the court entered its judgment inflicting the extreme penalty.   Thereupon Fairgraives was committed to the state prison at Deer Lodge, in Powell county.   Powell county is included in the third judicial district.   Silver Bow county constitutes the second district.

On December 11, 1906, through his attorneys, Maury & Hogevoll, Fairgraives presented his petition for a writ of *habeas corpus* to the Honorable George M. Bourquin, one of the judges of

the second district, holding court in Silver Bow county, complaining that his detention in the state prison by the contractors in charge was illegal, and asking that he be discharged therefrom. The writ was issued and the prisoner was thereafter produced before the court in Butte. After a hearing on the return of the contractors, the court concluded that the verdict returned by the jury at the conclusion of the trial, wherein the conviction was had, in effect found the complainant guilty of simple assault only, and that the judgment imposing imprisonment in the state prison was void. It therefore ordered that the complainant be released therefrom, but that he be delivered to the sheriff of Silver Bow county to be held in custody in the county jail until such time as might be fixed by the judge of the department of that court wherein the trial had been had, for proper judgment upon the verdict. Thereupon the attorney general made this application to have the order of release annulled, on the ground that the court was without jurisdiction and that the order of release is void. His contention proceeds upon the assumption that the jurisdiction of district courts to inquire into the legality of the detention of persons held in custody is confined exclusively to cases arising in their respective districts; hence, that neither the district court of Silver Bow county, constituting the second district, nor a judge thereof, while presiding in that district, may issue the writ at all upon petition of one imprisoned at a place within the limits of the third district.

While, under the Constitution, district courts and their judges are authorized to issue the writ of *habeas corpus,* that instrument provides that they may issue it "on petition by, or on behalf of, any person held in actual custody in their respective districts." (Const., Art. VIII, sec. 11.) In view of the rule of construction applicable, that all the provisions of the Constitution must be construed as mandatory and prohibitory, "unless by express words, they are declared to be otherwise" (Const., Art. III, sec. 29), the power of these courts does not extend to cases such as the one in question. The grant of jurisdiction is exclusive,

and, even though the contractors in charge of the prison produced the prisoner in obedience to the command of the writ, they were neither bound, nor had they any right, to do so. The power to issue the writ in the particular case being exclusive, the power to hear and determine the merits of the application is also exclusive, and, since the power to issue the writ is not granted, any order made in the premises was without jurisdiction and void.

The application should have been made to the district court of the third district or to its judge, or to another judge presiding over the court in that district, for the time being, if such were the case, for under such circumstances the presiding judge has all the powers of the resident judge. Nor did the absence of the judge of the third district from the state, as is alleged in the petition, authorize the court or judge sitting in the second district to interfere. The Constitution does not provide for an emergency of this kind, except as hereafter appears.

Under the rule adhered to by this court since the adoption of the Constitution, by which it takes original jurisdiction of cases where the application may not, for any reason, be made to the proper district court in the first instance, the application should have been made to this court, and the absence of the judge of the third district would have been a sufficient reason for this court to act. An adverse ruling upon such an application by a district court is, however, not conclusive of the complainant's rights, for, while he has not the right of appeal (*State ex rel. Jackson* v. *Kennie,* 24 Mont. 45, 60 Pac. 589), nor may apply to a court or judge of another district, he may apply to this court, or a justice thereof, to have his rights again determined. (Const., Art. VIII, sec. 3.) In such case this court or any justice thereof to whom application is made may determine the merits, or the writ may be made returnable before any district court, or its judge, in the state. But it is only on application to this court, or a justice thereof, and by the direction of the court, or a justice thereof, that any other district court, or its judge, than the resident, or presiding, judge, in the par-

ticular district may hear and determine the application. In view of these provisions, the conclusion that the order made by Judge Bourquin is void seems inevitable.

But counsel for defendant say that this court has, in effect, said that the petitioner may exhaust the judicial power of the state by successive applications to all the courts in the state, and cite *State ex rel. Jackson* v. *Kennie, supra,* in support of this contention. The case is not in point. In that case this court considered the question whether the petitioner or complainant had an appeal to this court from an adverse decision on application for the writ to a district court. This question was decided in the negative, on the grounds that such a decision is not a final judgment concluding the rights of the complainant, and that the statute does not provide for an appeal. During the course of the discussion the opinion quotes an excerpt from Church on Habeas Corpus (sec. 386), to the point that the decisions of district courts are not *res adjudicata,* but the extent of the jurisdiction of these courts was not discussed or even referred to.

The district court should have refused the writ. As it is, its order must be annulled, and the complainant returned to the custody of the contractors in charge of the state prison.

*Annulled.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.