## IN RE METTLER.

### (No. 3,616.)

(Submitted February 2, 1915. Decided February 19, 1915.)

[146 Pac. 747.]

*Contempt—Jurisdiction—Procedure—Insufficient Order — Habeas Corpus.*

Direct Contempt—Punishment—Procedure.

1. While the right to punish for a direct contempt is inherent in courts, the procedure provided is purely statutory, and the law must be followed.

[As to courts and their tribunals authorized to punish for contempt, see note in 117 Am. St. Rep. 950.]

Same—*Habeas Corpus*—Pleadings—Presumptions.

2. Though one under punishment for a direct contempt cannot, on *habeas corpus,* deny the facts stated in the order adjudging him guilty, no presumptions or intendments are to be indulged against him.

[As to obtaining release on *habeas corpus* from judgments punishing for contempt, see notes in 22 Am. St. Rep. 422; 87 Am. St. Rep. 179.]

Same—Insufficiency of Order.

3. *Held,* that an order of the district court adjudging an attorney guilty of contempt committed in its immediate presence, which recited that the contemner "by his conduct, words and manner disturbed the orderly proceedings of this court, and by his insolent demeanor, angry words, is in contempt" *etc.,* consisted of mere conclusions and was fatally defective because not in compliance with the provision of section 7311, Revised Codes, that such an order must recite the facts as occurring at the time of the alleged contempt.

Same—Nature of Proceedings—Order must be Certified.

4. Proceedings in contempt are in their nature criminal; hence the order adjudging one guilty and committing him to the custody of the sheriff until the fine imposed shall be paid must, under section 9377, Revised Codes, be certified; in the absence of such certification, such order was not any warrant for the detention of the complainant.

[As to prosecutions for contempt as criminal proceedings within rule as to jeopardy, see note in Ann. Cas. 1912B, 1008.]

Application of Frank W. Mettler, Esq., for a writ of *habeas corpus.* Complainant ordered discharged.

*Mr. Albert J. Galen,* for Complainant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Frank W. Mettler, an attorney duly admitted to practice in the courts of this state, having been adjudged to be in contempt of the district court of Lewis and Clark county, applied for his

release from imprisonment upon *habeas corpus* proceedings. The sheriff has made return to the writ that he detained the petitioner by virtue of a certain order of the district court, which is attached to and made a part of the return and is as follows:

"[Title of Court.]

"In the Matter of the Contempt of F. W. Mettler.

"The court having under consideration the disobedience of a subpoena by a witness who was duly subpoenaed in this court, and having placed the witness upon the stand and interrogated him as to the reason why he did not appear, F. W. Mettler, an attorney and practicing lawyer at this bar, interrupted the proceedings by making demands that he be heard after the court had told him that there was nothing to be heard, and he refused to sit down, and by his conduct, words and manner disturbed the orderly proceedings of this court, and by his insolent demeanor, angry words, is in contempt of this court, and is adjudged in such contempt, he will pay a fine of $300, and stand committed to the county jail until this fine is paid."

A demurrer has been interposed, and the only questions which call for solution are such as appear from the face of the return and test the jurisdiction of the court which entered the order; and the further inquiry whether this petitioner was held by legal process. In *State* v. *District Court,* 35 Mont. 321, 89 Pac. 63, this court, having under consideration a proceeding of similar character, said: "While there is some conflict between the early and later decisions as to the scope of the meaning of the term 'jurisdiction' as applied to a case of this character, the decided weight of authority now supports the view that, in order for the judgment to be proof against an attack made by *habeas corpus* proceedings, the court rendering it must have had jurisdiction of the person and of the subject matter, and, in addition thereto, must have possessed the power or authority to render the particular judgment which it did pronounce; and the absence of any one of these factors renders the judgment void, and

consequently open to collateral attack." That the district court had jurisdiction of the subject matter is determined by the Constitution. (Sec. 11, Art. VIII, Const.; *State* v. *District Court,* 35 Mont. 51, 88 Pac. 564.) The order above discloses on its face that the court had jurisdiction of the person.

A contempt committed in the immediate presence of the court is designated "direct," as distinguished from a "constructive" contempt, which is not committed in the court's presence. A contempt directed against the dignity or authority of the court is "criminal," as distinguished from a "civil" contempt, which arises out of a failure to obey an order made in a civil action for the benefit of the opposing party. A direct contempt may be punished summarily (Rev. Codes, sec. 7311), but a constructive contempt can be punished only after a hearing upon an affidavit showing the facts constituting the contempt (sec. 7311) and the answer thereto by the party accused (sec. 7317).

It appears from the order under consideration that it was the purpose of the lower court to punish this petitioner for a criminal contempt committed in the immediate presence of the court, and by this process of elimination our inquiry is narrowed to an investigation of two questions: Had the district court authority to make this particular order? And was the paper authority in the hands of the sheriff effective for the purpose intended?

Section 7309, Revised Codes, enumerates the acts and omissions which constitute contempt of court. Among them are:

"1. Disorderly, contemptuous or insolent behavior toward the judge while holding the court, tending to interrupt the due course of a trial or other judicial proceeding.

"2. A breach of the peace, boisterous conduct or violent disturbance, tending to interrupt the due course of a trial or other judicial proceeding. * * *

"9. Any other unlawful interference with the process or proceedings of a court."

From the tenor of the order in question, it appears that this petitioner was charged with misconduct under one or more of these subsections. But in the wisdom of the legislature it was

deemed incompatible with our ideas of the due administration of justice that the decision of the presiding judge should be final, and provision was made accordingly for a review by this court. [1, 2] (Sec. 7322.) While the right to punish for a direct contempt is inherent in the court, the procedure is purely statutory, and compliance with the law must be had. Having invoked the remedy by *habeas corpus* proceeding, the law does not permit the petitioner to deny the facts stated in the order adjudging him to be in contempt. Such facts as are stated are to be taken as true, but no presumptions or intendments are to be indulged against the accused. (*Batchelder* v. *Moore,* 42 Cal. 412.) To the end that the order adjudging one to be in contempt may be [3] reviewed, section 7311 provides: "When a contempt is committed in the immediate view and presence of the court, or judge at chambers, it may be punished summarily, for which an order must be made, reciting the facts as occurring in such immediate view and presence." Unless the order recites the facts which constitute the alleged contempt, no review is possible; and if an order omitting such facts be permitted to stand, the very purpose of the statute would be defeated.

The only facts recited in the order above are that the accused attorney (a) demanded to be heard, and (b) refused to sit down. The recitals that Mettler "by his conduct, words and manner disturbed the orderly proceedings of this court, and by his insolent demeanor, angry words, is in contempt of this court," do not contain any facts, but merely conclusions. What the attorney's words were, what his manner was, what it was that constituted his insolent demeanor—none of these matters is disclosed by the order. Whether an order in this form is sufficient to justify any punishment is not a new question in this state or elsewhere, and the subject has become stale through oft-repeated declarations of courts and text-writers. In *State ex rel. Breen* v. *District Court,* 34 Mont. 107, 85 Pac. 871, this court had under consideration an order very similar to the one now before us, and concerning it said: "The conviction here was for a direct contempt. The judgment, however, is wholly insufficient to meet.

the requirements of the statute. It does not contain, even by appropriate reference to the proceedings before the court, anything to show what the matters referred to as scandalous were, nor any fact tending to show what the manner of the relator was. It states conclusions and inferences only, drawn by the judge from the facts as they actually transpired, thus leaving this court no alternative but to accept these conclusions or to hold the order invalid. The purpose of the statute is to require the court to set forth the jurisdictional facts, so that the propriety of the judgment of conviction may be examined and reviewed. If adjudged sufficient as it stands, the order complained of would be conclusive upon this court, and review of it, as to the sufficiency of the facts to put the power of the court in motion, would be impossible. In a given case, where the contempt consists in the manner or bearing of the contemner, it may be difficult for the court to set forth the facts in any other form than by a shorthand rendering thereof, so to speak; but it is, nevertheless, necessary that the attendant circumstances be set forth, so that the propriety of the conclusion reached may be determined.''

If the contempt be one not committed in the immediate presence of the court, section 7311 above requires that an affidavit be filed which shall set forth specifically the facts constituting the contempt. If the contempt be committed in the presence of the court, the same statute declares that the order itself must set forth the facts, and this means that they must be set forth with the same particularity, as in case of constructive contempt they are required to be shown by affidavit. (*Overend* v. *Superior Court*, 131 Cal. 280, 63 Pac. 372.) An attorney is an officer of the court, and, within the scope of his duties, his right to be heard in behalf of his client is guaranteed by the Constitution. It is for an abuse of his office only that he may be called to account in contempt proceedings. The bare fact that this petitioner made demands to be heard does not constitute contempt. If he was a mere interloper and stranger to the hearing then being conducted in court, that fact would have appeared in the

order; in its absence, and in view of the fact that a hearing was being had, and that petitioner is an attorney duly admitted to practice in all of the courts of this state, it is but a fair inference that he was acting or attempting to act as counsel for the witness who was then being examined relative to his failure to appear in response to a subpoena served upon him. (*Ex parte Shortridge*, 5 Cal. App. 371, 90 Pac. 478.)

Assuming that petitioner was counsel for the witness who was being examined, he had the right to be heard, in his client's behalf; but he did not have the right to abuse his privilege to insult the court or judge, or interrupt the orderly procedure which should characterize every judicial investigation. Arbitrary rulings or oppressive conduct on the part of the court will not warrant retaliation by an attorney by resort to undignified or insolent behavior. The law affords him ample redress. Because of the insufficient recitals in the order, we are not given an opportunity to review petitioner's demeanor. If it was in fact contemptuous, he merited punishment; and if the contemptuous character was made to appear, the order would meet with our approval. But mere conclusions of the court afford us no means of determining whether the circumstances justified the order. Since our investigation is limited to a review of the order; and it fails to state the facts required by section 7311 above, no alternative is left but to declare it insufficient.

In the foregoing discussion we have assumed that the alleged misconduct of petitioner occurred in open court or during a hearing before the judge at chambers; but it is only by the barest inference that it can be said that the controversy arose at the courthouse, at the judge's chambers, or in open court. The order fails to state that court was in session, if such was the fact, or that a hearing was being conducted at chambers, if that was the fact. The statute, which requires the order adjudging one in contempt to set forth the facts constituting the contempt, has a definite purpose in view, and to follow its mandate does not impose any hardship upon the court or judge.

Proceedings in contempt are in their nature criminal (*State ex rel. B. & M. etc. Co.* v. *Judges,* 30 Mont. 193, 76 Pac. 10), [4]  and the order adjudging one in contempt is in its nature a final judgment (*New Orleans* v. *Steamship Co.,* 20 Wall. 387, 22 L. Ed. 354).   But the sheriff cannot execute a judgment in a criminal matter or proceeding without competent authority. (Rev. Codes, sec. 9773.)   Section 9377 provides: ''When a judgment, other than of death, has been pronounced, a certified copy of the entry thereof upon the minutes must be forthwith furnished to the officer whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or require its execution.''   The order returned by the sheriff as the only authority upon which the petitioner was confined in jail is not certified, and does not meet the requirements of the law.

Other objections to the order are urged upon us, but we deem it not necessary to consider them.   In failing to state facts which constitute the alleged contempt, the order in question is fatally defective as a judgment in contempt, and the copy of the order in the hands of the sheriff was not sufficient authority to justify the detention of the petitioner.   The demurrer to the return is sustained, and the petitioner is ordered discharged.

By direction of this court, petitioner was admitted to bail pending the final determination of this proceeding.   The bond furnished in response to that order is discharged, and the sureties thereon exonerated.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.
  50 Mont.—20