STATE EX REL. MERCER, APPELLANT, *v.* WOODS, JUSTICE OF THE PEACE, RESPONDENT.

(No. 8517.)

(Submitted January 4, 1945. Decided January 26, 1945.)

[155 Pac. (2d) 197.]

534

Cause submitted on Briefs of Counsel.

*Mr. Ralph L. Arnold,* for Appellant, submitted an original and a reply brief.

*Messrs. Fremont W. Wilson* and *Oskar O. Lympus,* for Respondent, submitted a brief.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Relator was found guilty of contempt of court by Arthur M. Woods, justice of the peace of Hellgate Township, Missoula County, and brought the matter before the district court of that county by an affidavit for writ of review (certiorari). The district court's judgment in the certiorari proceeding found the justice court's action valid, and relator has appealed from that judgment.

The writ of review procured by relator required the justice of the peace to "certify fully * * * a transcript of the record and proceedings, entitled in said Justice Court as The State of Montana, Fire Marshal's Office, Plaintiff, vs. Inves-

tigation Marr-Autel, Defendant, including all proceedings wherein said Sam Mercer was charged and convicted of contempt of court'', etc. The justice of the peace made his return by certifying as a true and correct copy of his docket a transcript of the proceedings in the matter. The transcript and other papers in the record show that the investigation began on February 2, 1943, and was continued on February 3, at which date ''investigation closed at 5:30 P. M., to be opened at a later date;'' that on August 17, 1943, a subpoena was issued for relator's appearance, apparently for August 20; that on August 20 the investigation was reopened but that relator failed to appear in answer to the subpoena, and that another subpoena was then issued and served, requiring relator to appear before the court as a witness on August 21st at 9 o'clock a. m.; that on that date the relator did not appear, and that an attachment order was thereupon issued requiring the sheriff to bring the defendant before the court at a time stated, or as soon thereafter as he could be found, to show cause why he should not be punished for contempt in disobeying the last mentioned subpoena. The docket entry for August 25, 1943, is as follows:

''Sam Mercer brought into Court by E. M. Perry. Investigation of the fire at Marr Autell reopened with Attorney Fremont Wilson and Mr. Sam Waugh, Special Investigator for National Fire Underwriters, E. M. Perry and Sam Mercer present. Mr. Mercer protested that he was brought into Court by force, and that it was illegal, and that he did not have to answer the Court's summons. Mercer became very loud and boisterous in his language, and when admonished by the Court, he refused to desist from his conduct, and told the Court he was not going to answer any summons the Justice Court sent or served him with. He said the investigation of the Marr Autell was illegal and that the Court had no jurisdiction over him, and that he refused to obey the law. Mercer was admonished by the Court to obey the law. Mercer replied that he knew all about the law, and had consulted three of the leading attorneys, and again told the Court that he would not answer anything,

or obey the Court's order. The Court then fined him $100.00 for contempt before the Court. This he refused to pay, and told the Court to go ahead and put him in jail. He was then remanded to the custody of the Sheriff. Investigation was continued till a future date. Thereafter Attorney Ralph Arnold appeared for Mercer and he was brought into Court. Mr. Arnold gave oral notice of appeal to the contempt fine, and asked the Court to accept $200.00 cash bond, which the Court granted. The $200.00 was paid to the Court, and the defendant was released pending appeal.''

After a hearing, in which evidence was received, the district court rendered an order and judgment reading in part as follows:

''From the return of the Justice, the evidence submitted at the hearing, and all records and proceedings on the contested matters urged, this Court finds:

''The conviction of Relator was for a contempt committed in the presence of the Court, while it was in session, engaged in a legal proceeding, and not for a contempt committed without the presence of the Court, as alleged in the Relator's application and affidavit.

''The Justice had duly opened a court session and announced the matter under investigation (which was duly authorized by Sec. 2749, M. R. C.). The Relator was before the Court as a reluctant witness in such proceedings, brought in by order of the Court, and stood before the Court to show cause why he should not be punished for contempt for disobedience of a subpoena.

''The relator's contemptuous acts, as found by the Justice and fully set forth in the Justice's docket, considerably amplified by the evidence, actually took place at that time and were sufficient to justify a conviction for contempt.

''The Justice made notes at the time, and immediately started on his docket entries, completing them after supper that evening.

''The Relator was ordered placed in the custody of the Sheriff. (It does not appear whether he had then been released from

the attachment that brought him into Court.) A commitment was given to the Under-sheriff within ten minutes, and such officer is the one in charge of the Sheriff's office and the one who keeps the papers and records.

"All of the acts of the Justice, as brought out in this hearing, were done within jurisdiction and with full legal authority. Also with due regard for the rights of Relator, and a commendable completeness of all his records and proceedings.

"It is therefore ordered and adjudged that the acts and proceedings of Justice Arthur M. Woods, in the matter of the conviction of Sam Mercer for contempt of such Court, committed on August 25th, 1943, and the penalty imposed, and all as reviewed by this Court, be and the same are in all things affirmed and approved."

The function of a writ of review is to determine whether "an inferior tribunal, board, or officer, exercising judicial functions, has exceeded" its or his jurisdiction. (Sec. 9837; *State ex rel. Grissom* v. *Justice Court*, 31 Mont. 258, 78 Pac. 498.)

The question of alleged excess of jurisdiction raised by relator in applying for the writ was that "In a proceeding * * * entitled The State of Montana, State Fire Marshal's Office, Plaintiff v. Investigation Marr-Autell Fire, Defendant, a subpoena was, by the said Justice of the Peace, issued on August 20th, 1943, directing and requiring the said Sam Mercer to appear in said proceeding on August 21st, 1943, at 9 o'clock, A. M. and give testimony on behalf of the plaintiff; that the said Sam Mercer failed to appear in accordance with said subpoena, having good and legal grounds for refusal to comply therewith, and on the 25th day of August, 1943, the said Justice of the Peace ordered the Sheriff of Missoula County, Montana, to attach the body of affiant, and bring him the said Sam Mercer before the said Justice of the Peace, and in accordance with such order the said Mercer was produced before the said Justice of the Peace; that thereupon, the said Justice of the Peace summarily, and without charge, complaint or warrant, and without

hearing of any nature, and without opportunity to be heard in defense to a charge of contempt of court, assessed a maximum fine of $100 against him, and in default of payment thereof, committed affiant to the Missoula County Jail.

"That said Justice of the Peace acted in excess of jurisdiction and beyond jurisdiction; * * *

"That in the making of said orders the said Justice of the Peace violated the plain provisions of Section 9700, R. C. of Montana, for 1935, and 2749, R. C. 1935, in that he summarily proceeded to convict the affiant of alleged contempt of court committed without the presence of the Court. That no opportunity was given affiant to procure counsel to represent him in said proceeding for contempt, until after he was committed to jail, and until after said Justice of the Peace had summarily convicted him."

Section 2749 is the statute governing the state fire marshal's investigation of alleged violations of state laws relating to fires.

Chapter 76 of the Code of Civil Procedure, consisting of sections 9698 to 9702, Revised Codes, inclusive, relates to contempts in justice courts. Sections 9699 and 9700 relate respectively to contempts in the presence of the court and those committed elsewhere. They provide as follows:

"9699. When a contempt is committed in the immediate view and presence of the justice, it may be punished summarily; to that end an order must be made reciting the facts as they occurred, and adjudging that the person proceeded against is thereby guilty of contempt, and that he be punished as therein prescribed."

"9700. When the contempt is not committed in the immediate view and presence of the justice, a warrant of arrest may be issued by such justice, on which the person so guilty may be arrested and brought before the justice immediately, when an opportunity to be heard in his defense or excuse must be given. The justice may thereupon discharge him, or may convict him of the offense."

Thus relator's objection in the district court was that the

justice of the peace acted in excess of jurisdiction by punishing under section 9699 as a contempt in the court's presence a contempt not committed in the court's presence and punishable only under section 9700, namely, the failure to appear on August 21, 1943, as directed by the subpoena of August 20th.

However, as above set forth, the district court found that relator's conviction "was for a contempt committed in the presence of the Court, while it was in session, engaged in a legal proceeding, and not for a contempt committed without the presence of the Court"; that the relator then "stood before the Court to show cause why he should not be punished for contempt for disobedience of a subpoena", and that his acts "were sufficient to justify a conviction for contempt."

The record upon this appeal includes no bill of exceptions, ██ and the evidence submitted at the hearing in district court is not before us. However, the record amply sustains those findings and conclusions. The procedure, being in accordance with the provisions of section 9699, was within the jurisdiction of the Court.

Relator argues that the conduct in question did not constitute contempt of court and that the justice's determination of that question and his recital thereof in his docket and in the commitment were erroneous. Those questions have been resolved by the district court's judgment upon a record which amply sustains it, and which, according to the recitals of the judgment, was "considerably amplified by the evidence." That evidence is not before us and we cannot assume either that it is insufficient or that it overcomes the record which is before us. On the contrary, if the record is insufficient in any evidentiary respect, we must assume that the evidence remedied that defect.

"The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued" its or his authority. Section 9843, Revised Codes.

Accordingly this court said, in *State ex rel. Murphy* v. *District Court*, 99 Mont. 209, 41 Pac. (2d) 1113, 1116: " 'The

writ cannot be used to correct errors committed in the exercise of jurisdiction. (*State ex rel. King* v. *District Court*, 24 Mont. 494, 498, 62 Pac. 820.) * * * If the charges are unsupported by the evidence, or the findings are contrary to all the substantial evidence, or where the decision below has no evidence to support it, the question then becomes one of law, and the evidence may be reviewed to determine if such is the fact, but the court cannot review the evidence to determine the preponderance thereof' (*State ex rel. Griffiths* v. *Mayor*, 57 Mont. 368, 188 Pac. 367, 368); it is limited in its inquiry to the question whether the application is properly made, and, if so, whether the district court or judge exceeded its or his jurisdiction (*State ex rel. Murphy* v. *District Court*, 10 Mont. 401, 25 Pac. 1053)." (See, also, *State ex rel. Tague* v. *District Court*, 100 Mont. 383, 47 Pac. (2d) 649.)

Relator contends that his actions cannot have constituted contempt in the immediate view and presence of the court because "the proceeding had never been set for trial or hearing on August 25, 1943; the docket is barren of any setting." But the record shows that the attachment order required the sheriff to produce the relator before the court at a definitely stated time or "as soon thereafter as he can be found, then and there to show cause why he should not be punished for contempt in disobeying a subpoena," and that at the time in question the sheriff produced the relator in court for that purpose. It cannot, therefore, be contended that the absence of a docket entry showing a setting for that precise time means that the matter was not then before the court for hearing.

Respondent objects because the docket states that what was then before the court was the investigation of the fire rather than the contempt matter; but that is explained by the fact that the attachment order was issued in, and under the title of, the investigation matter, which the law certainly does not forbid.

Relator complains that the attempt to make him testify under section 2749 contravenes the inhibitions of section 18 of Article III of the Constitution of Montana, and section 10674, Revised

Codes, against requiring a person to testify against himself in a criminal proceeding, or to incriminate himself. The question is not before us whether relator can lawfully be required to testify or whether he can be punished under section 2749 for refusing to obey the subpoena. Therefore, we need not discuss the objection except to remark that if tenable it cannot justify the conduct for which the fine was imposed.

Relator complains also that a certified copy of the judgment ▮ was not delivered to the sheriff as a warrant for its execution, as provided by section 12341. But the commitment constitutes no part of the judgment roll in the certiorari case and has not been brought before us by a bill of exceptions. Furthermore, it appears from the justice court docket entry of August 25, 1943, supra, that a $200 cash bond was accepted in lieu of fine or imprisonment for its payment, pending the outcome of this proceeding. If the sheriff were presuming to hold relator under an insufficient commitment any objection therein might be raised, as in *In re Mettler*, 50 Mont. 299, 146 Pac. 747, by a habeas corpus proceeding. But the situation is otherwise and this is not such a proceeding.

Relator makes various other contentions but we have examined them and find them without merit.

The judgment is affirmed.

ASSOCIATE JUSTICES ADAIR, ANGSTMAN and CHEADLE concur.

MR. JUSTICE MORRIS:

I dissent on the ground that there is reasonable doubt as to whether or not the alleged contempt was committed in the immediate presence or hearing of the court, and further, as to whether the court was in session or that anything was pending before the court at the time.