STATE OF MONTANA ex rel. JAMES E. CONN, Relator and Respondent, v. CAL A. ROBINSON, et al., Constituting the State Board of Equalization, et al., Appellants.

No. 9564.

Submitted January 20, 1958. Decided July 7, 1958.

327 Pac. (2d) 390.

H. O. Vralsted, Chief Tax Counsel Board of Equalization, Helena, Forrest H. Anderson, Atty. Gen., for appellants.

H. O. Vralsted, Chief Tax Counsel Board of Equalization, Helena, argued orally for appellants.

Edwin L. Anzjon, Donovan Worden, Missoula, for respondent.

Edwin L. Anzjon and Donovan Worden, Missoula, argued orally for respondent.

MR. CHIEF JUSTICE HARRISON:

Respondent herein, relator in the district court, filed his personal income tax return for the year 1948 on or before April 15, 1949, with the State Board of Equalization and paid the amount of tax he computed to be due thereon. On May 5, 1953, the State Board of Equalization made demand upon respondent for additional tax alleged to be due for the year 1948, and on June 5, the Board mailed to respondent a final notice and demand for the additional tax it had found to be due, together with penalty and interest thereon, which amount the respondent paid on June 12, under protest, notifying the Board that he would file claim for refund.

On July 24, 1954, respondent filed his claim for refund which claim was disallowed on August 18. On September 11, he applied for a writ of certiorari in the district court and that court set the application for hearing for September 24, and ordered

notice thereof to be given to the Board. The Board appeared by filing objections which were deemed by the court to be without merit and the writ was issued on September 24, returnable on October 22. On October 20, the Board filed a demurrer and motion to quash, together with a transcript of the record and proceedings in the matter of the income tax in dispute. On December 6, the demurrer was overruled and the motion to quash denied. On December 13, respondent filed a motion for judgment based upon the record returned by the Board on the ground the determination of additional income tax was unlawful, invalid, void, in excess of the Board's authority, and in violation of section 84-4920, R.C.M. 1947. The Board resisted the motion, alleging the respondent had failed to pursue his administrative remedies prior to the application for the writ as required by sections 84-4922 and 84-4923, R.C.M. 1947, and contending that the provisions of section 84-4920, R.C.M. 1947, were directory only and not a statute of limitations. The hearing was thereafter set for January 20, 1955. Following the hearing and on January 21, the district court adjudged that the Board was without jurisdiction, right or authority to assess the additional income tax against the respondent and that the assessment was unlawful, invalid, void, in excess of the Board's authority, and in violation of section 84-4920, R.C.M. 1947.

From this adjudication the Board appeals. While many specifications of error are set forth by the appellant Board, they resolve themselves into two questions. (1) Is section 84-4920, R.C.M. 1947, a statute of limitations? and (2) Did the respondent exhaust his administrative remedies before he made application for the writ?

The first ground was considered by this court in State ex rel. Anderson v. State Board of Equalization, 133 Mont. 8, 319 Pac. (2d) 221. In that case, this court held that while section 84-4920, R.C.M. 1947, did not constitute a statute of limitation, it was a limitation upon the authority of the Board to reassess returns after the expiration of three years from the date the return was made. No purpose would be served herein by

552

a discussion of this point and what has been said in the Anderson case has application here.

As to the second ground, it is the contention of the Board that the provisions of section 84-4923, R.C.M. 1947, require that notice of application for a writ of certiorari must be given within thirty days after the service of the notice of revision or resettlement of the computation of tax. The Board contends that the record shows that the notice of tax determination was given on or about May 15, 1953, and that it was not until September 13, 1954, that the respondent gave notice of application for the writ.

It is true that on or about May 15, 1953, the Board notified █ the respondent that his 1948 return had been audited and certain income had not been reported and that adjustment had been made and additional tax was due. This additional tax was paid by the respondent under protest on June 12, 1953. Within the two years granted by section 84-4922, the respondent applied for a revision by filing a claim on July 24, 1954, which claim set forth the contended invalidity of the assessment. This claim was filed on a form provided by the Board for refund of tax illegally collected. Since no particular form of application is required we hold this was a sufficient compliance with the statute.

The Board was then required to grant a hearing thereon █ unless it agreed with the contentions of the taxpayer. In this cause no hearing was granted and the Board elected to reject the claim, which it did on August 18, 1954. In our view this rejection constituted the determination of the Board upon the application for revision made by the respondent and could be reviewed by the district court under the provisions of section 84-4923, R.C.M. 1947, and within the thirty-day limitation provided by that section, and on September 11, 1954, the respondent applied for the writ. In these circumstances, there is no merit in the second contention of the Board, in that the respondent did exhaust his administrative remedies before he made his timely application for the writ.

For these reasons the judgment is affirmed.

MR. JUSTICES CASTLES and ANGSTMAN, and THE HONORABLE ERNEST E. FENTON, District Judge (sitting in place of MR. JUSTICE BOTTOMLY), concur.

MR. JUSTICE ADAIR, (dissenting).

This is an appeal, by the State Board of Equalization from an order and judgment, by the district court for Missoula County, made on January 21, 1955, wherein it ordered, adjudged and decreed:

"That the State Board of Equalization was without jurisdiction, right, or authority to assess additional income tax against the Relator, James E. Conn, for the calendar year 1948, on May 5, 1953, and that said assessment is unlawful, invalid, void, in excess of the Board's authority, and in violation of Section 84-4920, Revised Codes of Montana, 1947. [Prior to amendment by Chapter 103, Laws 1955.]

"That the State Board of Equalization was without jurisdiction, right, or authority to collect additional income tax from the Relator, James E. Conn, for the calendar year 1948, on June 11, 1954, based upon the invalid assessment of the same made by the Board."

This judgment was rendered subsequent to the return on a writ of certiorari brought by James E. Conn. hereinafter called the taxpayer, directed to the State Board of Equalization, wherein the taxpayer sought to have reviewed the Board's action in determining an income tax deficiency for the calendar year 1948 after April 15, 1952.

On or before April 15, 1949, James E. Conn filed his Montana state income tax for the calendar year 1948.

On May 5, 1953, being over three years after Conn's above return was filed and the tax indicated thereon was paid, the State Board of Equalization, hereinafter called the Board, sent a letter to the taxpayer Conn asserting additional tax to be due in the amount of $1,080.94. The letter stated that the deficiency

tax so claimed was based upon a $30,524.50 gain from the sale of property which had not been reported in the return filed by the taxpayer Conn.

On June 11, 1953, and after further demand made by the Board, the taxpayer through his attorney paid in full the deficiency. Prior to this payment the taxpayer had never demanded nor received any hearing before the Board.

In a letter accompanying the payment the taxpayer stated through his attorney:

"In making the payment, Mr. James Conn expressly reserves any and all remedies available to him including the following: to avail himself of the provisions of the Statute of Limitations on the collection of income taxes as contained in Sec. 84-4920, Revised Codes of Montana, 1947; and the right to take advantage of the provisions of Sec. 84-4906(3) (e). Because of the uncertain state of the law in the State of Montana respecting assessments and the collection of taxes, the payment herewith made is done so under protest on the ground that the tax is not due.

"In accordance with our conversation in May, I expect to file a claim for refund on behalf of Mr. Conn for the money paid herewith."

Protesting the payment of the asserted tax deficiency was unnecessary. The income tax is self-assessing. If a taxpayer believes the tax due is illegal, erroneous or void his remedy is to pay the tax and file a claim for a refund within the time allowed by law. He is not required to follow the protest provisions of section 84-4502, R.C.M. 1947, since the income tax laws have specific statutes covering refunds of income taxes. In any event the protest method, as such, was ignored as the taxpayer did not file suit to recover within sixty days, but did, some thirteen months after payment of the tax, file a claim for a refund. This claim was based upon the following allegation:

"The taxpayer filed his income tax return for the calendar year 1948 on or about April 15, 1949; therefore the assessment and collection of additional income tax for the calendar year

1948 was barred on or about April 15, 1952, and is now barred by Section 84-4920, Revised Codes of Montana 1947.''

By basing his claim for refund solely upon section 84-4920, R.C.M. 1947, the taxpayer Conn abandoned the other ground for refund asserted in his letter of June 11, 1953, being that provided by section 84-4906, subd. (3) (e).

Section 84-4906, subd. (3) (e), which has since been repealed and does not appear in the income tax statutes at the present time, provided at the time this claim for refund was made the privilege of reporting the gain on sale of real property upon the installment basis, if certain conditions were met. Having originally suggested this section was applicable, we can presume the sale upon which the state asserted a gain was an installment sale and that the taxpayer received proceeds from the sale subsequent to the year 1948.

However the taxpayer Conn chose to base his claim for refund solely upon section 84-4920, R.C.M. 1947. This section was amended in 1955 and the prior statute controlling in this case does not appear in the replacement volume of the Revised Codes of Montana.

The pertinent portion of the statute, relied upon by the taxpayer here, provided in 1953 and 1954:

''If, in the opinion of the Board any return of a taxpayer is in any essential respect incorrect, it may revise such return, or if any taxpayer fails to make return as herein required, the Board is authorized to make an estimate of the taxable income of such taxpayer from any information in its possession, and to audit and state an account according to such return of the estimate so made by it for the taxes, penalties and interest due the state from such taxpayer. Except in the case of a wilfully false or fraudulent return with intent to evade the tax, the amount of tax due under any return shall be determined by the Board within three years after the return was made. In the case of such wilfully false or fraudulent returns, the amount of tax due may be determined at any time after the return is filed and the tax may be collected at any time after

it becomes due, and where no return has been filed, the tax may be assessed at any time." R.C.M. 1947, section 84-4920.

The taxpayer Conn asserted in his claim that this code provision was a statute of limitations. By filing his claim for refund the taxpayer was proceeding under the provisions of R.C.M. 1947, section 84-4922, which provided:

"If an application for revision be filed with the Board by a taxpayer within two years from the time of the filing of the return or if the tax of such taxpayer has been recomputed, then from the time of such recomputation, the Board shall grant a hearing thereon and if it is made to appear upon any such hearing by evidence submitted to it or otherwise, that any such computation includes taxes or other charges which could not have been lawfully demanded, or that payment has been illegally made or exacted of any such amount so computed, the Board shall resettle the same according to law and the facts, and adjust the computation of taxes accordingly, and shall send notice of its determination thereon to the taxpayer."

The above-quoted statute provided that an application for revision must be filed within either two years from the time of the filing of the return or two years from the date of the recomputation by the Board.

Since more than two years had elapsed since the filing of the return, this refund claim depended for its validity upon the fact that the Board had recomputed the tax. Thus the taxpayer is in the position that he admits the Board's recomputation of the tax in order to substantiate the validity of his refund claim and his claim for refund asserts the recomputation is void and a nullity because it was an act beyond the power of the Board. With the question presented to the Board by the refund claim, it became the Board's mandatory duty to grant a hearing to the taxpayer so that he could present his case to the Board for determination. This the Board did not do. Instead, by a letter dated August 18, 1954, the Board rejected the refund claim. The taxpayer Conn having been denied his hearing, then petitioned the district court for a writ of certiorari.

The writ issued and the Board made its return thereto consisting of the following: A copy of the State of Montana Income Tax return filed by James E. Conn for the taxable year 1948; a copy of the letter of the Board of Equalization to James E. Conn on May 5, 1953, asserting an additional tax for the year 1948; a copy of the letter written for the taxpayer on June 11, 1953, and enclosing full payment of the claimed tax deficiency proposed on May 5, 1953; a copy of the letter of July 24, 1954, written for the taxpayer Conn by his counsel, on June 11, 1953, and enclosing full payment of the claimed tax deficiency proposed on May 5, 1953; a copy of the letter of July 24, 1954, written for the taxpayer and enclosing the claim for refund of the additional tax paid for the calendar year 1954; and a copy of a letter, dated August 18, 1954, from the Board rejecting the taxpayer Conn's claim for refund.

Since there had never been any hearing nor any *demand for a hearing*, the above papers constituted the entire record in this matter to be reviewed and were in fact the only papers specified in or required by the writ.

It must be remembered that the writ of certiorari here employed is statutory. In this respect it is analogous to a writ of certiorari issued in a contempt action. It is the remedy and the only remedy provided by law to review the Board's order here involved. The procedure here followed is that specifically provided by statute. In this particular instance the taxpayer Conn was challenging the jurisdiction of the Board and in so doing he employed the specific procedure presented by statute. Where the jurisdiction of the Board is thus directly attacked and challenged the review of the record presented to the Board to ascertain whether or not the order made by the Board from the record before it was proper and within jurisdiction in the light of the facts *presented to the Board*. In this case the taxpayer Conn is challenging an act by the Board which act he asserts is clearly in excess of its jurisdiction.

For these reasons the extent of review under the writ in this

instance is governed by R.C.M. 1947, section 93-9008, which provides:

"The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer."

As was said in State ex rel. Lay v. District Court, 122 Mont. 61, 70, 198 Pac. (2d) 761, 766:

"The hearing in a certiorari proceeding is *limited to a review of the record of the inferior tribunal, board or officer* for the sole purpose of determining from such record whether the tribunal board or officer had jurisdiction to do the act, to make the order or to render the judgment of which complaint is made. State ex rel. Keane v. Board of County Commissioners, 83 Mont. 540, 273 Pac. 290. The statute *definitely* fixes *the limit* of the review and *commands* that such review '*cannot be extended further* than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority' conferred upon it. Sec. 9843, Rev. Codes 1935 [now R.C.M. 1947, section 93-9008]; see also, State ex rel. Mercer v. Woods [116 Mont. 533, 155 Pac. (2d) 197], supra." Emphasis supplied.

In this proceeding the record certified and presented by the Board to the district court was not a defective record and it did not fall within the provisions of section 93-9009, R.C.M. 1947. The Board's return contained all the papers relating to this matter that were before or considered by the Board of Equalization, or that were in its possession, and such return set forth and contained everything that the writ commanded and *specified* should be presented.

R.C.M. 1947, section 93-9009, cannot be resorted to as a means of opening up a hearing on the return beyond the scope of review provided by R.C.M. 1947, section 93-9008. It was erroneous for the district court, assuming to act under the provisions of R.C.M. 1947, section 93-9009, to so extend the hearing on the writ. The record that was before the district court was

to be reviewed to ascertain whether the board had exceeded its jurisdiction.

The question directly presented by the writ was whether or not the Board had the right to recompute the tax in May of 1953. The relator Conn asserts the Board did not have such essential jurisdiction because of the provisions of R.C.M. 1947, section 84-4920, which relator contends is a statute of limitations, but an examination of the statute discloses a time limitation of three years under certain circumstances while under other facts there is absolutely no time limit whatever. The relator Conn by his assertions *to the Board* does not show that the unlimited time provision was *not* here applicable. Thus on the record now before this court, it is as possible that the Board acted within jurisdiction as that it acted *without* jurisdiction. However at the outset it is presumed that the official duty of the board had been regularly performed. R.C.M. 1947, section 93-1307-7, subd. 15. The record in the instant case does not overcome that presumption unless it was clearly apparent from the record that the Board was without jurisdiction to recompute the tax. The record returned, pursuant to the writ, was the basis for the taxpayer's contention that the Board had exceeded its jurisdiction. However nothing contained in such record shows any absolute lack of jurisdiction in the Board and nothing contained in the record rebuts the presumption that the Board's action was regular. Under such facts, the district court's plain duty was to sustain the action and order of the Board.

Unless lack of jurisdiction was actually shown in this case, the district court should have sustained the Board because no issue other than jurisdiction was presented to either the Board or the court.

Although the taxpayer Conn did not demand a hearing nevertheless such a hearing upon a claim for refund is mandatory. Had the Board granted the taxpayer a hearing as is expressly provided by statute then lack of jurisdiction might possibly have been shown to the Board.

The Board had *no jurisdiction to* deny Conn's claim without a hearing, and such denial was clearly erroneous and a nullity. Lack of jurisdiction to deny Conn's claim was apparent from the record certified and presented to the district court by the Board in its return to the writ. Finding no lack of jurisdiction in the Board to recompute the tax but also finding no jurisdiction in the Board to deny Conn's claim, I would reverse the district court's judgment and order and direct the Board of Equalization to grant the taxpayer Conn the hearing provided by statute to determine whether or not the Board had jurisdiction to recompute his tax.