550

STATE OF MONTANA ex rel. MELVIN McNEAL, Relator,
v. THE DISTRICT COURT of the Fourth Judicial District of the State of Montana, in and for the County of Ravalli, and HONORABLE E. GARDNER BROWNLEE, and HONORABLE JACK L. GREEN, Judges of the Court aforesaid, Respondents.

No. 10907
Submitted December 31, 1964. Decided January 13, 1965.
Petition for rehearing denied February 17, 1965.
399 P.2d 997.

Hugh G. Kidder, Missoula, Gille V. Wooten (argued), Missoula, for relator.

PER CURIAM.

This is an original proceeding, being an application for an appropriate writ made by verifed petition by relator, and is accompanied as exhibits by the court minutes and other papers on file in the district court.

It appears that relator is the defendant named in an information filed in the district court of the fourth judicial district, in and for the County of Ravalli; that Messrs. Wooten and Kidder were employed as attorneys for the defendant and such knowledge had been conveyed to the county attorney's office and was known by the district court; that at the time of the filing of the information on December 9, 1964, defendant's counsel were not present; that on said date the defendant was present and ordered to be present for arraignment on December 11, 1964, at the hour of 10:00 a.m.

That on December 11, 1964, at the hour of 10:00 a.m., the defendant was personally present in court, but that his counsel were not present; that, according to the petition of counsel, the defendant, relator here, asked the county attorney "to have the case postponed, on advice of counsel, but received no satisfaction in that regard * * *."

Thereupon, or at least in a short time, but in any event, after the time set for arraignment, defendant handed to the deputy clerk of court an affidavit of disqualification of the Honorable E. Gardner Brownlee. The minutes of the court show that the affidavit was presented to the deputy clerk of court at 10:25 a.m. or twenty five minutes after the time set for arraignment.

Meantime, the judge had taken up civil matters, apparently assuming that counsel were late. As a matter of fact, and as counsel admitted in answer to a question from the bench during oral presentation of the petition, counsel did not intend to appear. It was a deliberate non-appearance by counsel.

552

At this point, the district judge had not called the matter for arraignment, but thereupon ruled the filing of the affidavit of disqualification as untimely and ordered it quashed. The trial judge thereupon proceeded with the arraignment, stated to the defendant that he, the defendant, was in contempt of court as were his counsel, placed the defendant under oath to ascertain his own and his counsels' activity in the attempted disqualification and non-appearance, and entered a plea of not guilty.

It appears further that following the purported arraignment of the defendant, the district judge set the cause for trial before the Honorable Jack L. Green, another of the district judges of the fourth judicial district, such trial to commence on December 21, 1964, thus transferring jurisdiction of the cause to such district judge; that upon application by the relator to the said Honorable Jack L. Green, the trial setting was vacated and re-set for January 4, 1965, unless further stayed, continued or vacated by either that court or an appellant court.

This matter was presented to us by petition on December 31, 1964, just prior to a three day holiday over New Years, with trial date set for the following Monday, January 4, 1965. We made our order on that date as follows:

"IT IS ORDERED, that the purported arraignment and all other proceedings in the criminal cause held on December 11, 1964, before the Honorable E. Gardner Brownlee, after the filing of the affidavit of disqualification, except for the transfer of jurisdiction to the Honorable Jack L. Green, be annulled and set aside;

"IT IS FURTHER ORDERED, that the Honorable Jack L. Green, the district judge now presiding, at his earliest convenience order an arraignment, or consider other appropriate order or orders to the end that justice be had.

"Relator having petitioned for an allowance of attorney's fees, costs and expenses incurred in making this application, the same is denied."

Since that order of December 31, 1964, we deem it of importance to further elaborate on the situation. It is seen from our order that we do not approve of counsels' actions and activities before a district judge. The district judge would have been justified to have ordered counsel brought before his court before proceeding with the arraignment of their client, the defendant. In our order of December 31, 1964, we termed the arraignment "irregular" for want of a better term. We did not find it unlawful or wrongful, but in view of the defendant's rights to due process possibly being jeopardized, we permitted the new judge, Judge Green, to proceed with the arraignment.

Now, however, aside from the rights of the defendant, we desire to call attention to the activities of counsel and to what we have referred to previously as abuses of the statutes permitting disqualification of trial judges under R.C.M.1947, §§ 93-901 and 94-6913. See State ex rel. Cline v. Dist. Ct., 142 Mont. 278, 281, 384 P.2d 490.

The constitutionality of R.C.M.1947, § 93-901, is presently before this court in Cause No. 10853, State of Montana, ex rel. Walter Peery and Mabel Peery, husband and wife, Relators, v. The District Court of the Fourth Judicial District of the State of Montana, in and for the County of Ravalli, the Honorable E. Gardner Brownlee, and the Honorable Emmet Glore, Judges thereof, Respondents, (Mont. April, 1965) 400 P.2d 648, involving the same district judge. We do not deem it advisable to further discuss the matter here in connection with constitutionality.

We do, however, take this means to issue to counsel a warning that further abuses of the statutory disqualification statutes will not be tolerated.

On Petition for Correction of Order.

By petition filed February 11, 1965, the Relator in the above-mentioned cause asks that our order filed on December 31, 1964, be corrected "in accordance with justice and

right.'' To substantiate what is asked to be corrected, an affidavit of the Relator reciting statements on ''recollection'' and verified on ''information and belief'' is filed. The apparent attempt is to show that the affidavit of disqualification filed, was in fact filed before 10:00 a.m., the date and time set for arraignment. Based upon the minutes of the Court, provided as an exhibit by the Relator, we had recited the time as 10:25 a.m., after the time set for arraignment.

In any event, regardless of the exact time, our order would be no different and will remain. The prayer for relief is denied.