STATE OF MONTANA ex rel. DANIEL J. SHEA, Petitioner and Appellant, v. The DISTRICT COURT of the FOURTH JUDICIAL DISTRICT of the STATE OF MONTANA, in and for the COUNTY OF LAKE, and the HONORABLE E. GARDNER BROWNLEE, a District Judge thereof, Respondents.

No. 11991.
Decided Jan. 5, 1971.
479 P.2d 281.

Daniel J. Shea, pro se.

William E. Murray, (argued) Missoula, for respondents.

## ORDER AND OPINION

PER CURIAM:

This is an original application for a Writ of Supervisory Control or Writ of Review in a contempt matter. Upon ex parte application we issued an Order to Show Cause; a return has been made together with affidavits, a nunc pro tunc order, motion to limit argument, and motion to dismiss.

On October 28, 1970 in district court at Polson, Montana, relator Shea, an attorney at law, appeared, representing a client in a divorce action who had retained Shea that same morning in Missoula. An order to show cause to Shea's client had been served on the client on October 22 to appear concerning custody of a two year old child between the plaintiff mother and the defendant father. The defendant father, Shea's client, had physical custody of the child.

At 9:45 a.m. attorney Shea filed two affidavits of disqualification against the district judge, Judge Brownlee; one for the client and *one for himself*. Judge Brownlee, in due time, at about 11:00 a.m. called the hearing on the order to show cause. As to the events that followed, the minute entry, recited:

### "MINUTE ENTRY

"The above entitled matter was before the Court this day for Show Cause Hearing.

"The plaintiff was present and represented by counsel, John D. French. The defendant was present and represented by counsel, Daniel J. Shea.

"Motion by counsel for defendant for Court Reporter to take all proceedings in this case and further motion that the Court is not in jurisdiction based on the affidavits of disqualification on file, disregarded by the Court and the Court ordered the hearing on Order to Show Cause to proceed, over objection by counsel for defendant.

"The plaintiff was sworn.

"Further objections by counsel for defendant for continuance of the hearing. Defense counsel admonished by the Court.

"Counsel for defendant further objecting and the Court finding defense counsel's remarks and attitude to the presiding judge to be in contempt of Court, the Court ordered Daniel J. Shea, counsel for defendant, fined for contempt of Court and ordered he be held in the Lake County Jail until 5:00 P. M. this date.

"At request of the Court, F. N. Hamman, appeared on behalf of the defendant for proceedings this date.

"The Court ordered the hearing on the Order to Show Cause set for Wednesday, November 4, 1970, 10:30 A. M.

"The Court further ordered that between this time and the next Law and Motion day when the matter is heard, that the Court has conferred with the attorneys and with Jean Zeiler, the lady who has been taking care of the boy, and it is agreed between all of these parties that Mrs. Zeiler will keep the child in her home from now until next Wednesday; during the working hours of the day the defendant is not to be in that home; the plaintiff, the child's mother, is to be permitted in that home the entire time to be with the boy and visit with the child as she wants to; neither of the parties are to display animosity to each other and preferably not to see each other.

"The defendant was advised he may retain Mr. Shea as his counsel after this date if he so desires.

"Done this 28th day of October, 1970, with the Honorable E. Gardner Brownlee presiding."

"MINUTE ENTRY

"An affidavit of disqualification having been filed in the above entitled action against the Honorable E. Gardner Brownlee, Dept. No. 2, and as announced in open court on October 28, 1970, that Judge Brownlee will honor those affidavits as to all other hearings except the one set for the day the affidavits were filed, and so ordered.

"The Honorable E. Gardner Brownlee w i t h d r a w s from further jurisdiction and relinquishes jurisdiction to both of the other judges, Department No. 1 and Department No. 3 of the Fourth Judicial District.

"Dated October 29, 1970, by order of the Honorable E. Gardner Brownlee."

Attorney Shea did not request a delay of imposition of sentence or attempt any other remedy; but served the six hours in the juvenile quarters of the jail; and subsequently petitioned this Court seeking to have the order of contempt stricken, reprimand for the judge, and further seeking some sort of damages against Judge Brownlee. We say "some sort of damages" because the petition seeks to have this Court devise some sort of formula to redress or repay counsel for time spent in jail.

We have received a document entitled "Findings and Judgment of Contempt against Attorney Daniel J. Shea" which was filed December 23, 1970, and "Dated nunc pro tunc as of the 28th day of October, 1970". In these "Findings" there are recited facts which disclose insulting and contemptuous actions by Attorney Shea. Additionally, affidavits of the other parties present were filed which bore out the Judge's memory in pertinent details.

During the presentation before this Court, the Court allowed a wide indulgence to Attorney Shea to present his case. We shall not dwell on these matters other than to comment that we consider that a lack of candor was displayed. Additionally, Attorney Shea would have this Court review all of his personal problems outside the record but would confine our view of Judge Brownlee's action strictly to the record as reflected in the file on that day and by the sketchy minute entries quoted heretofore.

We are reminded of our opinion in State ex rel. Kidder v. District Court, 155 Mont. 442, 472 P.2d 1008, where we concluded the opinion by stating:

"While this Court will require the district courts to proceed strictly within the statutes and decisions, it will not tolerate deliberate interference with the process of law."

Here we have Attorney Shea filing his own affidavit of disqualification, though he should have known from the *Kidder* case that he had no right independent of his client. He should have known, too, that his client's affidavit was not timely. The very filing of the affidavit, in his own behalf under these circumstances, is what we warned of in State ex rel. McNeal v. Dist.Ct. 144 Mont. 550, 553, 399 P.2d 997, and quoted in Kidder, as being an abuse of the statutory disqualification statutes and which will not be tolerated.

However, we still must and do require a district judge to proceed strictly within the statutes and decisions. The judge, in a direct contempt, must make a record which is reviewable, that is, in the language of section 93-9803, R.C.M.1947:

"When a contempt is committed in the immediate view and presence of the court, or judge at chambers, it may be punished summarily, for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt * * *".

An order setting forth the facts constituting the contempt is required. (Ex parte Mettler, 50 Mont. 299, 146 P. 747.) Also in *Mettler* the reason for the recital is stated:

"Unless the order recites the facts which constitute the alleged contempt, no review is possible; and if an order omitting such facts be permitted to stand, the very purpose of the statute would be defeated."

And in State ex rel. Rankin v. District Court, 58 Mont. 276, 191 P. 772, 775, this Court again discussed the reason for the rule, pointing out that an order of contempt is required so that it may be reviewable as the Montana Constitution, Art. VIII, Sec. 3 provides.

Without further discussion, it is clear that an order

of contempt must be made. In the instant case the trial judge made "Findings and Judgment of Contempt" nunc pro tunc. We think it needs no discussion to conclude that such an attempt to correct a deficiency is of no avail, since it did not permit review. In the instant case, however contemptuous the conduct of Attorney Shea might have been, no danger to the current court proceedings or to the participants was evident; and it would not have interfered with the regular process of the court to have paused to make the order or to have made it in a reasonably short time thereafter. Even though the sentence of six hours in the juvenile cell of the jail is a short time, yet some opportunity for review must be afforded.

In the instant case, we observe candidly that tempers on the part of both participants allowed reason to disappear. Attorney Shea made no effort to help his own situation; rather, as appears from affidavits, he granted a press interview and expressed his indignation and an attitude of disrespect unbecoming an attorney at law. At the same time, the trial judge did not reflect nor give any opportunity for the attorney to purge himself of the contempt. Thus, in the circumstances before us, the matter of the contempt is now moot and counsel is not entitled to relief as prayed for. We have set forth the discussion of the duties of the judge for guidance only. For the foregoing reasons the petition for the writ is denied and the matter dismissed.