STATE EX REL. MURPHY, PUBLIC ADMINISTRATOR, *v.* JUDGE OF SECOND JUDICIAL DISTRICT COURT.

CERTIORARI—*District judge.*—Under the statutes of this State (§§ 561, 562, Code Civ. Proc.), upon an application to review the action of a district judge, this court is limited in its inquiry to the questions as to whether the application is properly made, and, if so, whether the district judge exceeded his jurisdiction.

ADMINISTRATORS—*Appointment.*—Where the district judge has exercised the discretion given by section 95, second division of the Compiled Statutes, providing that in certain cases he may appoint a special administrator, or direct the public administrator to take charge of the estate, and has appointed a special administrator, the public administrator, in the absence of an abuse of discretion, cannot complain of the appointment; and where such judicial discretion has been once exercised as to him, he is thereby removed from the list of persons entitled to appointment under the provisions of section 55, second division of the Compiled Statutes.

Original proceeding.   Application for writ of *certiorari.*

Statement of the case by Mr. Justice DE WITT.

James W. Murphy, upon a writ of *certiorari,* asks this court to review the action of the District Court, in appointing James A. Talbot as special administrator of the estate of Andrew J. Davis, deceased, and not appointing the relator.

The facts material to the inquiry, and the statutes necessary to be construed, are as follows: Andrew J. Davis died in the county of Silver Bow, March 11, 1890, leaving a large estate and a large number of heirs. Afterwards, John A. Davis, a brother of deceased, was appointed by the court having jurisdiction administrator of the estate, as that of an intestate. An appeal was taken from that appointment, and on the twenty-fourth day of July, 1890, that appeal was pending in the Supreme Court. On that day, July 24, 1890, said John A. Davis filed in the District Court his petition for the probate of an instrument, purporting to be a will of said Andrew J. Davis, and for the appointment of himself as administrator with the will annexed. Objections were filed by some of the heirs to the probate of the alleged will. On August 9, 1890, the appeal to the Supreme Court above mentioned had not been determined, and the petition for the probate of the alleged will had not been heard in the District Court. On the last-mentioned day, the

said John A. Davis filed in the District Court his petition to be appointed special administrator of said estate.   The petition set forth the above-recited facts, and, in addition, that the hearing of the petition for the probate of the alleged will had been set for August 23, 1890; that four parties had filed objections to the probate, alleging that the same was not the will of said Andrew J. Davis; that it was evident that much time must elapse before the question of the probate of the alleged will could be determined, and that thereby there would be delay in granting letters of administration; that there was then no one authorized to take charge of the property of the estate, or attend to its business; that petitioner was the brother of deceased, and residuary legatee in said will.   On the same day, August 9, 1890, James W. Murphy filed his petition for appointment as special administrator.   He set forth that he was public administrator of Silver Bow County, and also, in effect, the facts above recited; that the estate would be wasted and scattered, and prayed that he might be appointed special administrator.

The District Court acted upon these petitions on August 12, 1890.   Prior to said day no written objections had been filed by either petitioner against the appointment of the other, except as his own petition might be construed as an objection to the appointment of the other applicant.   On said last-named day the District Court made an order, in which it reviewed the facts, and concluded that the court having considered said petitions, and all matters alleged therein, and being advised in the premises, and finding that it is necessary that a special administrator of said estate should be appointed, and finding it to be to the best interests of the estate that neither of said petitioners should be appointed special administrator, denied each of their applications, and upon its own motion ordered that James A. Talbot, a suitable and competent person, and a resident of Silver Bow County, Montana, be, and is hereby appointed special administrator, with powers, etc., and that letters shall issue to him, upon his giving bonds in the sum of three million dollars.   In pursuance to said order, letters issued to said Talbot on August 18, 1890.   Such appear to be the facts upon the return of the writ of *certiorari*, issued on the application of said Murphy from this court October 24, 1890.

The statutes of the State interesting to this inquiry are as follows: "Sec. 821.   There shall be elected in each county in the State one public administrator, whose term of office shall begin, . . . . and who shall hold his office for two years, . . . ." (Gen. Laws, p. 863.)  "Sec. 338.   Every public administrator, duly elected and qualified, must take charge of the estates of persons dying within his county, as follows: *"First.* Of the estates of decedents for which no administrators are appointed, and which, in consequence thereof, are being wasted, uncared for, or lost.  *Second.* Of the estates of decedents who leave no known heirs, or are strangers.  *Third.* Of estates ordered into his hands by the Probate Court.  *Fourth.* Of estates upon which letters of administration have been issued to him by the Probate Court." (Prob. Prac. Act, p. 357.) "Sec. 334.   Whenever a public administrator takes charge of an estate, which he is entitled to administer, without letters of administration being issued, or under order of the court, he must, with all convenient dispatch, procure letters of administration thereon, in a like manner and on like proceedings as letters of administration are issued to other persons." (Prob. Prac. Act, p. 357.)  "Sec. 95.   When there is delay in granting letters testamentary or of administration, from any cause, or when such letters are granted irregularly, or no sufficient bond is filed as required, or when no application is made for such letters, or when an administrator or executor dies or is suspended or removed, the probate judge must appoint a special administrator to collect and take charge of the estate of the decedent, in whatever county or counties the same may be found, and to exercise such powers as may be necessary for the preservation of the estate, or he may direct the public administrator of his county to take charge of the estate.  Sec. 96. The appointment may be made out of term time, and without notice, and must be made by entry upon the minutes of the court specifying the powers to be exercised by the administrator, . . . .  Sec. 97.   In making the appointment of a special administrator, the probate judge must give preference to the person entitled to letters testamentary or of administration, but no appeal must be allowed from the appointment." (Last three sections from Prob. Prac. Act, p. 296.)  "Sec. 55.   Letters of

administration on the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, who are respectively entitled thereto, in the following order: *First.* The surviving husband or wife, . . . . *Second.* The children. *Third.* The father and mother. *Fourth.* The brothers. *Fifth.* The sisters. *Sixth.* The grandchildren. *Seventh.* The next of kin entitled to share in the distribution of the estate. *Eighth.* The public administrator. *Ninth.* The creditors. *Tenth.* Any person legally competent." (Prob. Prac. Act, p. 289.)

As to the writ of *certiorari*, the law is: "Sec. 554. The writ of *certiorari* may be denominated the writ of review. Sec. 555. . . . . The writ shall be granted in all cases when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy. Sec. 556. The application shall be made on affidavit by the party beneficially interested ; . . . . Sec. 561. The review upon this writ shall not be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board or officer. Sec. 562. . . . . When a full return has been made the court . . . . may thereupon give judgment either affirming or annulling or modifying the proceedings below." (Ch. 1, p. 205, Code Civ. Proc.)

The statutes above cited were enacted by the territorial legislature. The Constitution of the State, November 8, 1889, adopted these statutes, and merged the jurisdiction and existence of the Probate Court in the District Court, and provided for the change of the word "probate" to "district" wherever it occurs. (Sec. xx. Schedule, § 4.) In the affidavit for the writ of *certiorari*, the applicant prays that this court review the said proceedings of the district judge, alleging that they were in excess of the jurisdiction of that court. The action of this court is limited to annulling or affirming the proceedings of the district judge, so far as they come before us.

*E. D. Weed,* and *John McDonald,* for Petitioner.

*M. Kirkpatrick, John F. Forbis,* and *W. W. Dixon,* for Respondent.

DE WITT, J.— Much has been brought into this case in the argument that is not pertinent to the hearing. The application is for a writ of *certiorari.* The general principles of law applicable to the invocation of this writ are the same throughout all the courts. But any doubts as to the province of the writ in this court, and any minor differences in the views of courts upon the writ generally, are fully set at rest by the explicit provisions of the statute of this State. Under that statute we have only to inquire whether the application is properly before us, and if so, whether the district judge exceeded his jurisdiction.

Many interesting points are discussed by counsel, to which we will not advert, but will only offer a construction of section 95, which seems to us as clear as it is conclusive. The public administrator, when acting solely as such, is perhaps a public officer. His powers and duties are defined, and the estates of which he shall take charge are described. (Comp. Stats. § 821, p. 863; § 333, p. 357.) When there is a delay in appointing an administrator, the district judge, for the temporary protection of the estate, may do one of two things (§ 95): (1) He may direct the public administrator to take charge of the estate, or (2) if he does not so direct he must appoint a special administrator. There seems to be no ambiguity in this provision. A discretion is given to the district judge to adopt one of two courses.

In the case at bar the judge exercised this discretion, and exercised it by not directing the public administrator to take charge of the estate. The judge took the other alternative of the statute, and proceeded to the appointment of a special administrator. He thereby did something wholly inconsistent with directing the public administrator to take charge of the estate, and thereby as well passed upon and decided the question of directing the public administrator to take charge, and decides it adversely to such taking charge by the public administrator. This was an act of judicial discretion, of which no abuse is shown, and of which the public administrator cannot complain.

Having passed and settled this matter, and proceeding to the other alternative allowed the judge, under section 95, viz., the

appointment of a special administrator, which the judge could do without notice to any one, and out of term time (§ 96), the judge finds that section 97 provides that preference must be given in such appointment to the persons entitled to general administratorship, in the order named in section 55. In that order, the public administrator appears as eighth. But the law has already provided in the other alternative in section 95 that the public administrator, as to temporary care of the estate, stands ahead of all classes of persons named in section 55, if the judge chooses to put the estate into his hands. A special provision is thus made for putting the public administrator in charge, a special provision which takes him out of the general classes of administrators. If it is the judgment of the judge that the public administrator should take the estate, the judge may so direct, to the exclusion of all claimants to special letters. Now, when the judge passes the public administrator, and practically says, I will not appoint him, as I may, and determine to proceed under the other alternative of section 95, and appoint a special administrator, then, in making his selection from the classes of persons named in section 55, must he again adjudicate upon the claims of the public administrator, a question which he has already decided under an ampler provision of the law allowing him to give to him the estate; must· he again say whether or not he will give him charge of the estate, when he has already settled the matter in the exercise of his discretion, and said he would not do so? We think not. The judge had the amplest and largest powers to direct the estate into the hands of the public administrator, to the exclusion of every one. He did not exercise that power. It cannot be said that the judge having deliberately ignored the public administrator, when he had full power to recognize him, he must again consider his claim, when proceeding under the other alternative of the statute. This would be equivalent to holding that the judge *may*, if he chooses, make the public administrator the temporary custodian of the estate; but if he does not do so, as he *may*, then, in appointing a special administrator, he *must*, under certain conditions, do the very thing which the other provision of the law says he *may* do, and which in his discretion he has decided not to do. We cannot agree to any such construction of the stat-

ute.  It would be a strain upon language approaching the point of fracture.  The correct view of sections 96, 97, and 55 is, that the public administrator is not in the list of candidates for special administratorship, for the reason that his claims for temporary custodianship of the estate are provided for in another separate portion of the section, by which he is placed first in choice, if the judge desires him to take charge.

Our interpretation of these laws is, that when there is delay in the appointment of an administrator, the judge may direct the public administrator to take charge of the estate.  If he does not do so, which he need not, then the public administrator is disposed of in the premises, and the judge must go on to appoint a special administrator from the classes of persons named in section 55 other than the public administrator.  Now the public administrator invokes the writ of *certiorari* on the ground that the district judge exceeded his jurisdiction.

Under our construction of the statutes, we are of the opinion that the district judge, as far as the relator is concerned in the proceedings, did not exceed his jurisdiction; and the writ is therefore dismissed.

BLAKE, C. J., and HARWOOD, J., concur.