STATE EX REL. GATTAN, RELATOR, *v.* DISTRICT COURT, RESPONDENT.

(No. 2,716.)

(Submitted May 10, 1909.    Decided May 22, 1909.)

[101 Pac. 961.]

*Physicians and Surgeons—Revocation of License—Appeal to District Court—Special Proceeding—Appeal to Supreme Court—Certiorari.*

Physicians and Surgeons—Revocation of License—Special Proceeding—
Appeal.
1.    The application of a physician to the district court to have the action of the state board of medical examiners, in revoking his license for alleged unprofessional and dishonorable conduct, judically determined, is a special proceeding, from the judgment in which an appeal lies to the supreme court.

Same—Revocation of License—Failure to Appeal—*Certiorari.*
2.    Where a physician fails to avail himself, within one year after entry of judgment, of the remedy by appeal, from the action of the district court in affirming the revocation of his license by the state board of medical examiners, he may not thereafter have it reviewed on *certiorari.*

*Certiorari*—Error Within Jurisdiction.
3.    Error within jurisdiction is not reviewable on *certiorari.*

WRIT OF REVIEW by the state, on the relation of Ferdinand Gattan, against the District Court of the Second Judicial District of the State of Montana in and for the County of Silver Bow. Dismissed.

*Mr. E. S. Booth,* and *Mr. B. S. Thresher,* for Relator.

*Mr. Albert J. Galen,* Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The relator was prior to November 23, 1907, a physician duly licensed by the state board of medical examiners, residing and practicing his profession in Silver Bow county. Complaint having been made to the board while sitting in Silver Bow county that he had been guilty of unprofessional and dishonorable conduct, a trial was had, with the result that the board revoked his license. Thereupon he appealed to the district court of Silver Bow county. On November 23, 1907, a trial was had by that court with a jury of six physicians in conformity with the provisions of the statute. (Revised Codes, sec. 1588.) The trial resulted in a verdict finding the charges sustained and affirming the judgment of the board of examiners, and judgment was by the court entered accordingly. The relator has filed in this court his application for a writ of review to annul the judgment so entered against him. It is alleged that the district court was without jurisdiction to render and enter it, because the jury selected to try the charges was not a legal jury, in that the names of the persons constituting it were not drawn from the regular jury-box in conformity with the provisions of law on the subject, but that the jurors were selected under arbitrary order and direction of the court, and that the jury, as constituted, consisted of six persons only, whereas the relator was entitled to have the issue involved tried by a constitutional jury of twelve persons, drawn and impaneled as provided by law for all actions and pro-

ceedings in the district court.  The application must be denied for two reasons:

1. The relator had a right of appeal from the judgment. Judicial remedies are distinguished into two classes—actions and special proceedings.  (Revised Codes, sec. 8078.)  "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."  (Section 8079.)  "Every other remedy is a special proceeding."  (Section 8080.)  While proceedings had under the law before the board of medical examiners touching the granting or revoking of a license may not in any sense be regarded as the administration of a judicial remedy, an appeal to the district court from one of its determinations, whereupon a trial of the issue is had *de novo,* must be regarded as an application to that court for a judicial remedy.  The appeal is granted as a method of getting the matter involved before a court that it may be determined judicially.  (*Board* v. *Heaston,* 144 Ind. 583, 55 Am. St. Rep. 192, 41 N. E. 457, 43 N. E. 651; *State ex rel. Burroughs* v. *Webster,* 150 Ind. 607, 50 N. E. 750, 41 L. R. A. 212.)  And, since the application is made by means of the appeal, instead of by the filing of a complaint—the only method of beginning an action—the remedy thus furnished must be classified as a special proceeding.  If it cannot be so classified, it is not subject to classification.  We hold that it is a special proceeding commenced in the district court by the filing of the appeal.  In all such proceedings the party aggrieved has an appeal to this court, provided he avail himself of his right within one year.  (Revised Codes, secs. 7098, 7099.)  He may not permit the time for appeal to lapse and then have the judgment reviewed and annulled on writ of review.

2. The application does not question the jurisdiction of the district court to entertain the appeal.  The only question made with reference to the proceedings there is as to the action of the court in selecting the jury.  Its action in this regard, if erroneous, amounted only to error within jurisdiction and cannot

be corrected by writ of review.    The application is therefore dismissed.

*Dismissed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.