THE HON. WILLIAM L. HOLLOWAY,
THE HON. ALBERT J. GALEN,
THE HON. ALBERT P. STARK,
THE HON. JOHN A. MATTHEWS,
} Associate Justices.

---

STATE EX REL. MAHOOD, RELATOR, *v.* BOARD OF RAILROAD COMMISSIONERS, RESPONDENT.

(No. 5,699.)

(Submitted February 26, 1925. Decided March 27, 1925.)

[234 Pac. 834.]

*Certiorari — Board of Railroad Commissioners — Relocating Railroad Station—Order not Reviewable Under Writ.*

*Certiorari*—Writ Lies, When.
1. The writ of *certiorari* issues only where there is an excess of jurisdiction on the part of an inferior tribunal, board or officer, absence of the right to appeal from the act, order or judgment assailed as done or made without jurisdiction, and lack of a plain, speedy and adequate remedy other than *certiorari*.

---

1. When unit of *certiorari* issues and what reviewable, see notes in 12 **Am. Dec.** 531; 40 **Am. St. Rep.** 29.

Same—State Railroad Commissioners—Order Relocating Station not
    Reviewable on *Certiorari*.
    2. *Held*, on application for a writ of *certiorari* to annul an order
    of the Board of Railroad Commissioners directing the station
    facilities at a certain town to be removed to another town, relator
    had a sufficient remedy under section 3810, Revised Codes of
    1921, by an action in the district court to determine whether the
    order was just and reasonable, and that therefore *certiorari* did
    not lie.

Original application for writ of review by the state on the
relation of C. I. Mahood, to annul an order of the Board of
Railroad Commissioners of the State of Montana for the reloca-
tion of a railroad station.    Proceeding dismissed.

*Messrs. Ayers & O'Toole* and *Mr. G. G. Harris,* for Relator,
submitted a brief; *Mr. Roy E. Ayers* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. E. G. Toomey,*
*Mr. S. V. Stewart* and *Mr. John G. Brown,* for Respondent,
submitted a brief; *Mr. Toomey* and *Mr. Brown* argued the
cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion
of the court.

By the writ of review the relator seeks judgment by this
court annulling an order of the Board of Railroad Commis-
sioners directing that the station facilities, buildings and agent
at the terminal of the Sun River branch line of the Great
Northern Railway Company be removed from the station now
called Gilman and relocated at a point one and three-quarters
miles distant, called Augusta.

In the application for the writ it was averred that the board
exceeded its jurisdiction in making the order, from which rela-
tor had neither appeal nor any other plain, speedy and ade-
quate remedy.    The writ having issued was met by a motion
to quash, as well as by a return.

The return shows that the Great Northern Railway Company
had constructed and operated a line of railway from the station
of Vaughn, in Cascade county, to a point near the towns of
Gilman and Augusta, in Lewis and Clark county.    The ter-

minal of the line was located at a station which has been designated Gilman, taking its name from the town contiguous thereto. This station for many years has served not only the town of Gilman but also the town of Augusta and the territory tributary to both points.    Some time prior to the order complained of the board had made an order in a case styled *"Manix and Vaughn* v. *Great Northern Railway Company,"* pursuant to which the railway company had extended its line for a length of 1.75 miles from Gilman to serve the community of Augusta, by reason of which industries had multiplied and carload and other traffic had increased at Augusta.

On the first day of September, 1924, proceedings were instituted before the board by the filing of a formal petition signed by 100 or more persons, comprised of citizens of Augusta and also styling themselves as residents of Gilman and the territory adjacent to both points, praying that the board, upon hearing, make an order directing that the station facilities at Gilman be removed to and relocated at a point in the town of Augusta, and that the new station be called Augusta.    The railway company in its answer to the petition averred that it had no objection to the granting of the petition or to the relocation of the station facilities at Augusta if the board or the majority of its patrons were of the opinion that the relocation prayed for would best serve the public interest; that thirty-eight persons, including the relator, styling themselves as citizens and property owners of the town of Gilman, presented a protest against the petition setting forth their reasons why they opposed the change; that a hearing in the proceeding was had before the board, on September 17, 1924, at which the protestants moved for a dismissal of the petition on the ground that the board was without any jurisdiction to make the order sought.

The board, assuming that it had jurisdiction in the matter and predicating its decision upon what it deemed to be the greatest good to the greatest number, on September 29, 1924, made an order directing the railway company to remove the station facilities, buildings and agent from the Gilman location

to a point in or near the town of Augusta.  This is the order sought to be reviewed.

The conditions which will admit of the issuance of a writ of [1]  review are well settled in this state.  It is provided by statute that the writ may be granted by this court when an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.  (Sec. 9837, Rev. Codes 1921.)

In order that the writ may issue three prerequisites must coexist: (1) Excess of jurisdiction on part of the inferior tribunal, board or officer; (2) absence of the right to appeal from the act, order or judgment assailed as done or made without jurisdiction; (3) lack of a plain, speedy and adequate remedy other than *certiorari.*

It follows, of course, that if there is either an appeal, or other plain, speedy and adequate remedy the writ may not issue; or if there is not an appeal but there is any plain, speedy and adequate remedy other than *certiorari,* the writ may not issue.  (*State ex rel. Davis* v. *District Court,* 29 Mont. 153, 74 Pac. 200, following *State ex rel. King* v. *District Court,* 24 Mont. 494, 62 Pac. 820, and other cases cited.)   That relator did not have any appeal from the board's order must be admitted.  But also it must be admitted that he did have a plain, speedy and adequate remedy.

In the Act creating the Board of Railroad Commissioners the legislature vested that body with extensive powers and duties and provided the necessary machinery for carrying the lawful orders of the board into effect.  (See Chapter 37, p. 68, Sess. Laws 1907, now included in Chapter 257 of the Political Code, and particularly secs. 3802, 3806, 3812, Rev. Codes 1921.)   By later enactments the board's authority has been considerably extended as an inspection of Chapter 257 will disclose.  The law-making body likewise provided in the original enactment for a supervision of the acts of the board through

the medium of the courts (see secs. 3803, 3809, and 3810), and from the wording thereof we think it was the legislative intention to provide exclusive machinery for the review of all orders made by the commission which come within the purview of those sections.

Section 3803 provides that actions to review the determination of the board fixing any classification, rate, toll, charge, regulation or order, or the refusal of the board to make, fix or establish any such, shall be commenced in the district court of the county having jurisdiction thereof, by filing a complaint, and so forth.

Section 3810 provides in part that any person interested may bring an action in the district court of the county where the principal office or place of business of the railroad is situated or in any county where any regulation or order of the board is applicable against the board of railroad commissioners as defendant to determine whether or not any such regulation or order made, fixed or established by the board is just and reasonable.

Section 3810 provided the relator here was a sufficient remedy. Under it he might have assailed in the district court the jurisdiction of the board to make the order of which he complains, and have had determined finally whether that order was just and reasonable; and the court upon his application had the authority to issue a temporary injunction suspending the order pending the final determination. That this is so, compare *State ex rel. Board of Railroad Commrs. v. District Court*, 53 Mont. 229, 163 Pac. 115, in which this court, having under consideration section 4390, Revised Codes of 1907, now section 3809, Revised Codes of 1921, a section complementary to section 3810, *supra*, held that the district court had jurisdiction to use the provisional remedy of injunction *in limine* to suspend an order made by the Board of Railroad Commissioners requiring a railroad company to operate a local passenger train each way daily between designated stations pending a final determination

of an action brought by the company to have the order reviewed as unjust and unreasonable.

Whether relator availed himself of the remedy provided by sections 3803 and 3810 is not material to this inquiry. That remedy awaited his command. This being true he may not now avail himself of the extraordinary remedy of *certiorari.* The proceeding is dismissed.

*Dismissed.*

ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS and HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.