STATE ex rel. LAY, Relator, v. DISTRICT COURT,
FOURTH JUDICIAL DISTRICT in and for RAVALLI
COUNTY, Respondents.

No. 8853.

Submitted September 16, 1948. Decided October 28, 1948.

198 Pac. (2d) 761.

Messrs. Koch & Brownlee, of Hamilton, for relator. Mr. E. Gardner Brownlee argued the cause orally.

Mr. Dan Paddock, of Hamilton, for respondent. Mr. Paddock argued the cause orally.

MR. CHIEF JUSTICE ADAIR:

Original application for writ of certiorari by the state, on the relation of Presley E. Lay, against the district court of the fourth judicial district in and for the county of Ravalli, and Albert Besancon, judge presiding.

Relator Lay, hereinafter referred to as the defendant, was adjudged guilty of contempt for willful disobedience of an order in a divorce decree requiring him to pay specified monthly installments for the support of his infant child.

From the record the following appears: By decree entered May 31, 1946, in the respondent court, Priscilla Lay, plaintiff, was granted a decree of divorce from the defendant, Presley

E. Lay, custody of the seventeen-month-old daughter of the parties and it was ordered that "the defendant pay to plaintiff for the support of said child the sum of $40.00 per month."

Defendant is an able bodied young man. He is an experienced, skilled automobile mechanic capable of obtaining steady employment and of performing work and labor at mechanic's wages. Notwithstanding, he willfully disregarded the decree by neglecting and refusing, for more than two years, to pay anything for the support of his child. At the time the decree was entered, defendant and his brother George were owners as tenants in common of 900 acres of land in Ravalli county.

Plaintiff had and has no means or property. To support herself and the child she obtained employment as a teacher in the public schools. She taught during the school year of 1946-1947 at Wolf Point, Montana, and during the school year of 1947-1948 at Prescott, Arizona. The Arizona position paid $900 per annum more than she was able to obtain when teaching in Montana.

February 8, 1947, plaintiff made an accusatory affidavit charging defendant with contempt in willfully failing and refusing to pay any of the support money installments ordered in the decree. The accusations were set for hearing for February 26, 1947, but by successive orders the court continued the proposed hearing from time to time. Finally on August 26, 1947, plaintiff's counsel caused defendant to be served with formal notice that on a day certain the contempt charges would be called for hearing. Defendant countered with a motion that the court modify its original decree "by striking therefrom the order therein requiring the defendant to pay the sum of $40.00 per month for the support of the minor child, Rose Marie Lay."

October 6, 1947, plaintiff filed a second accusatory affidavit charging that defendant had continued to fail and refuse to pay any of the support money installments ordered and asked that defendant be cited to show cause why he had not complied with the terms of the decree or be adjudged in contempt.

Without determining the contempt charges set forth in either accusatory affidavit the respondent court on October 15, 1947, over plaintiff's objections, heard defendant's said motion for modification of the original decree. At the conclusion of such hearing the court made the following observations and order, viz.: "The Court: I am frank to say that the Court is not much impressed with Mr. Lay's testimony. He is an able bodied young man, in these times of much employment and opportunity. He hasn't shown that he is very industrious, to say the least. Possibly that has been caused by this decree requiring him to pay a certain amount per month. Anyway, the child isn't here. There is no good excuse for its not being at least in the state. This court, I don't think would have any right to make any order relative to the custody of the child or its custody from now on. This is a request to strike out that $40.00 a month, to excuse the father completely from the support of this 2½ year old child. No court could do that. That is impossible. Relieve him of his responsibility toward his child on the ground that he has responsibility toward his parents. His first responsibility is to the child. So, I am going to do this: While conditions are as they are, It Is Ordered that the monthly payments provided in the decree, from now on be reduced to $10.00 a month, while the child is kept out of this state by the mother. If the child is returned here, where the defendant can have his right of visitation and seeing his child, the court will consider further motions or applications in that respect. No order is made at all as to the unpaid payments, if any. The defendant will start making his $10.00 payments on the 1st of November, and monthly after that, $10.00.''

July 28, 1948, plaintiff filed a third accusatory affidavit charging that defendant had continued to fail and refuse to pay any support money and, on August 4, 1948, the court issued an order citing defendant to show cause on August 11, 1948, why he should not be punished for contempt for his willful and contumacious violation of the decree.

On August 4, 1948, plaintiff made a fourth affidavit wherein

she applied to the court for an order reinstating the award for the support of the child to the sum of $40.00 per month, representing that plaintiff had returned to Montana with her child where both now reside; that plaintiff has been employed to teach in the public schools at Helena, Montana, during the school year of 1948-1949 and that while so doing she and the child will reside in Helena.

August 11, 1948, a hearing was held at which the court consolidated and heard both (1) the contempt charges against defendant, and (2) plaintiff's application for modification of the decree, and thereafter on August 13, 1948, made findings of fact, conclusions of law, orders and judgment as follows:

"The decree of divorce issued in this action on May 31, 1946, provided for the payment of $40.00 per month by the defendant for the support of the infant child of the parties. This decree, on application and motion of the defendant, and after an extensive hearing, was by order made October 24, 1947, modified to the amount of $10 per month while the plaintiff with the child resided outside of the State of Montana, but also provided that when she returned to Montana with the child and established a residence here, application could be made for further modification of this order and the decree of divorce. No part of such payments, either the $40.00 or the $10.00, has been made by the defendant to the Clerk of Court, the plaintiff or anyone. The defendant has paid nothing.

"The plaintiff taught school at Prescott, Arizona until the end of the school year and returned to Hamilton, Montana, in June of this year with the child and has established her residence in Montana, having been elected to teach and signed an application for such at Helena, Montana, during the coming school year. During all of the time since the decree of divorce she has had the entire care and custody of the child and has supported her in every way from her own earnings. The defendant contributing nothing except the $5.00 present to the child for one Christmas.

"The defendant is an able bodied young man, a competent

mechanic, having worked for ten years at one garage in Hamilton, and at many other times at other garages and filling stations, and is well able to earn at least as much as the plaintiff, that is, $3,000.00 a year. After the decree of divorce the defendant transferred to his brother all of his estate and interest in 900 acres of land which they owned jointly some 2½ miles from Hamilton, and then stayed at home with his parents, worked on the ranch, and claimed he made nothing but a bare sustenance. His parents are the owners of a considerable farm near this 900 acres, and also close to Hamilton, well equipped, and they own a dwelling house in Hamilton which is rented by them, and they seem well able to take care of themselves. The defendant since the decree has contemptuously avoided making any payment under the decree, disposed of his property, except that he admitted he still owned an automobile, and a substantial bank account, he has refused to obtain employment at good wages, and his acts and conduct have been in utter disregard of his obligations to support or help support his child, and in defiance of the orders of this court. This court finds him guilty of contempt, and the judgment of the court is that he, the defendant, be confined in the Ravalli County jail for a period of five days and that he pay a fine in the sum of $200, and in default of the payment of such fine he be further confined in such jail for one day for each $2.00 of the fine remaining unpaid.

"The former decree of divorce and the modifying order of October 24, 1947 are further modified at this time to the effect that the defendant pay through the Clerk of this Court to the plaintiff, for the use and support of their child, the sum of $30 per month, which the court finds is approximately one-half the cost of supporting such child. The first payment to be made on or before August 20, 1948 and on the 20th day of each calendar month thereafter.

"In order to give the defendant an opportunity to purge himself of the contempt judgment herein rendered, then if he will on this date make the first payment of $30 to the Clerk for

the child that has above been fixed as the payment for August 20th, the execution of the judgment of conviction will be suspended and he may be released. And likewise, if he continues to make such payments on the 20th day of each month after the present month, the execution of the judgment will continue to be suspended, and this for the period of one year; and if the payments have been continued for twelve of such calendar months then the execution of such judgment will be continued indefinitely.

"In the event the defendant fails to comply with any of such terms and conditions to purge himself of the contempt, then he is on this date committed to the custody of the Sheriff of Ravalli County, Montana, to pay and serve out the judgment of conviction hereby imposed."

By this proceeding defendant seeks to have annulled that portion of the foregoing order which adjudges him in contempt, imposes upon him a jail sentence and a fine and affords opportunity to purge himself.

Certiorari. The writ of certiorari, dominated the writ of review, sec. 9836, Rev. Codes of Montana 1935, is a discretionary writ issued out of the Supreme Court, Const. of Montana, art. VIII, sec. 3; secs. 8803, 9837, Rev. Codes, or out of the district court, Const. of Montana, art. VIII, sec. 11; secs. 8829, 9837, Rev. Codes, directed to an inferior tribunal, board or officer or to any other person having the custody of the record or proceeding to be certified, sec. 9839, Rev. Codes, ordering it to certify to the court issuing the writ, at a specified time and place, a transcript of the record and proceedings to be reviewed, sec. 9840, Rev. Codes.

Certiorari is an extraordinary remedy and the proceeding under the writ is a special proceeding. State ex rel. Baker v. Second Judicial District Court, 24 Mont. 425, 62 Pac. 688.

The power of a court of review to issue a writ of certiorari is limited, secs. 9837 and 9843, Rev. Codes, and the writ may be granted only when there has been an excess of juris-

diction. State ex rel. King v. Second Judicial District Court, 24 Mont. 494, 498, 62 Pac. 820; State ex rel. Murphy v. Judge of Second Judicial District Court, 10 Mont. 401, 405, 25 Pac. 1053.

By express statute there are three indispensable requisites to the granting of the writ of certiorari; namely: (1) excess of jurisdiction, i. e. that an inferior tribunal, board or officer has exceeded its or his jurisdiction; and (2) absence of the right to appeal from the act, order or judgment assailed as done or made without jurisdiction; and (3) lack of a plain, speedy and adequate remedy other than certiorari. Sec. 9837, Rev. Codes; State ex rel. King v. Second Judicial District Court, supra. These three essentials must co-exist. "If there is either an appeal, or a plain, speedy, and adequate remedy, certiorari does not lie. If the order or judgment is not appealable, but there is any plain, speedy, and adequate remedy other than certiorari, the writ does not lie. The remedy by appeal need not be speedy or adequate." State ex rel. King v. Second Judicial District Court, supra, 24 Mont. at page 499, 62 Pac. at page 821; State ex rel. McGrath v. Second Judicial District Court, 82 Mont. 463, 466, 267 Pac. 803; State ex rel. Johnston v. Second Judicial District Court, 93 Mont. 439, 444, 445, 19 Pac. (2d) 220; State ex rel. Haynes v. Sixteenth Judicial District Court, 106 Mont. 578, 81 Pac. (2d) 422. If any one of the three essentials enumerated in section 9837, Revised Codes of Montana 1935, is missing the writ may not issue. State ex rel. Mahood v. Board of Railroad Commissioners, 73 Mont. 1, 234 Pac. 834; State ex rel. Weisz v. Sixteenth Judicial District Court, 61 Mont. 427, 434, 202 Pac. 387; State ex rel. Grissom v. Justice Court of Township No. 1, Gallatin County, 31 Mont. 258, 263, 78 Pac. 498; State ex rel. Davis v. Fifth Judicial District Court, 29 Mont. 153, 74 Pac. 200; State ex rel. Bartol v. Justice of the Peace Court, 102 Mont. 1, 2, 55 Pac. (2d) 691. Such is the rule of the common law, the declaration of the statute, sec. 9837, Rev. Codes, and the doctrine of this court.

State ex rel. King v. Second Judicial District Court, supra, 24 Mont. at page 498, 62 Pac. page 821.

In the exercise of its discretion the court issuing the writ ██ must guard against encroachment upon the regular procedure of review by appeal. State v. Kay, 164 Wash. 685, 4 Pac. (2d) 498. The writ of certiorari cannot be employed to correct errors committed in the exercise of jurisdiction. State ex rel. Mercer v. Woods, 116 Mont. 533, 155 Pac. (2d) 197, 200; State ex rel. Murphy v. Second Judicial District Court, 99 Mont. 209, 41 Pac. (2d) 1113. The aggrieved party may not permit the time for taking an appeal to lapse and then have the judgment or order against him reviewed and annulled on writ of certiorari (State ex rel. Gattan v. Second Judicial District Court, 39 Mont. 134, 136, 101 Pac. 961), nor will the writ be granted for the correction of merely harmless, technical or formal errors which are not shown to have resulted prejudicially, or to have caused substantial injustice to the relator. State ex rel. Pereira v. Second Judicial District Court, 83 Mont. 349, 351, 272 Pac. 242.

The hearing in a certiorari proceeding is limited to a review ██ of the record of the inferior tribunal, board or officer for the sole purpose of determining from such record whether the tribunal, board or officer had jurisdiction to do the act, to make the order or to render the judgment of which complaint is made. State ex rel. Keane v. Board of County Commissioners, 83 Mont. 540, 273 Pac. 290. The statute definitely fixes the limit of the review and commands that such review "cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority" conferred upon it. Sec. 9843, Rev. Codes 1935; see also, State ex rel. Mercer v. Woods, supra.

As said by this court in State ex rel. King v. Second Judicial District Court, supra: "The question is not whether the orders were erroneous; the sole question is whether the court had jurisdiction to make them."

Jurisdiction. Jurisdiction is the power to hear and deter-

■ mine the particular action or proceeding as well as to make such orders and to render such judgment therein as the law authorizes in the class of actions or proceedings to which it belongs. State ex rel. Whiteside v. First Judicial District Court, 24 Mont. 539, 553, 63 Pac. 395. This power necessarily includes the power to decide wrongly as well as rightly, and to make an erroneous order or render an erroneous judgment as well as a correct one. State ex rel. King v. Second Judicial District Court, supra, 24 Mont. at page 497, 62 Pac. page 820. In State ex rel. Whiteside v. First Judicial District Court, supra, 24 Mont. at page 553, 63 Pac. at page 396, it is said: "It therefore follows that the conclusion reached and the judgment rendered in the particular case may be either right or wrong, and still jurisdiction be in no wise exceeded (State ex rel. Buck v. Board of Com'rs of Ravalli County, 21 Mont. 469, 54 Pac. 939); otherwise, the making of an erroneous order or judgment in any case would be an excess of jurisdiction in the sense that it would be the determination of a question coram non judice."

Exclusive original jurisdiction in actions for divorce is con-
■ ferred upon the district court by the Constitution and Codes of Montana. Const., art. VIII, sec. 11; sec. 8829, Rev. Codes 1935. The district court in which the action for divorce is pending, is authorized, both before and after judgment, to give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, secs. 5768, 5770, 5771, Rev. Codes 1935, to thereafter vary, alter, modify or vacate the orders theretofore made, secs. 5769 and 5770, Rev. Codes 1935, and to enforce its final judgment in such action "by such order or orders as in its discretion it may from time to time deem necessary." Sec. 5769, Rev. Codes 1935.

Duty to Support Child. It is the legal as well as the moral
■ duty of a parent to support his minor children and the father is not absolved from this duty by a divorce from their mother. Secs. 5790, 5833, 10472, Rev. Codes 1935; Brice

v. Brice, 50 Mont. 388, 147 Pac. 164; Refer v. Refer, 102 Mont. 121, 56 Pac. (2d) 750; State ex rel. Tong v. Second Judicial District Court, 109 Mont. 418, 96 Pac. (2d) 918. Thus defendant's obligation to pay the required money for the support of his infant daughter is not simply an outgrowth of the divorce suit nor is it a mere incident thereto but it is a social and parental obligation imposed by law. The infant became a ward of the respondent court when its parents submitted themselves to the jurisdiction of the respondent court for an adjudication of their domestic difficulties (Wolz v. Wolz, 110 Mont. 458, 102 Pac. (2d) 22) and such court has continuing power to enforce the parental obligation to provide for the child's support. Secs. 5769-5772, Rev. Codes 1935; Pearce v. Pearce, 30 Mont. 269, 76 Pac. 289; Brice v. Brice, supra; Refer v. Refer, supra; State ex rel. Tong v. Second Judicial District Court, supra. Thus it is well settled that a court which severs the marriage ties by granting a valid decree of divorce possesses the necessary power to compel the ex-husband to support his minor children.

Enforcement of Decree. There are various means of enforcing orders directing the payment of support money in actions for divorce. The most common are: (a) By requiring the husband to give security for the enforcement of the payments ordered, sec. 5772, Rev. Codes 1935; Wallace v. Wallace, 92 Mont. 489, 15 Pac. (2d) 915; (b) by contempt proceedings (In re Finkelstein, 13 Mont. 425, 34 Pac. 847; State ex rel. Bordeaux v. District Court, 31 Mont. 511, 79 Pac. 13; State ex rel. Scott v. District Court, 58 Mont. 355, 192 Pac. 829; State ex rel. Murphy v. Second Judicial District Court, 99 Mont. 209, 41 Pac. (2d) 1113); (c) by execution, as in the case of other money judgments (Raymond v. Blancgrass, 36 Mont. 449, at page 458, 93 Pac. 648, 15 L. R. A., N. S., 976; Decker v. Decker, 56 Mont. 338, 347, 185 Pac. 168, Ring v. Ring, 185 Va. 269, 38 S. E. (2d) 471, 165 A. L. R. 1237) and (d) by invoking the police power of the state to punish the parent for willfully

failing, refusing or neglecting to support his child, sec. 10472, Rev. Codes 1935.

The accusatory affidavit of July 26, 1948, charges that to the date of its filing defendant had failed and refused to pay anything for the care and support of his child and that he ''continues wilfully to evade and ignore the orders of the court.'' Upon his plea of ''not guilty'' defendant was duly tried, found guilty of contempt as charged and sentenced, as is shown by the court's findings, conclusions, orders and judgment of August 13, 1948.

Defendant's contention that the sentence is void as in excess of jurisdiction is untenable.

Section 9917, Revised Codes of 1935, provides that if a person be adjudged guilty of contempt ''a fine may be imposed on him not exceeding five hundred dollars, or he may be imprisoned not exceeding five days, or both'' and it is well settled in this jurisdiction that the payment of a fine imposed upon one adjudged guilty of contempt may be enforced by imprisonment and that imprisonment in excess of five days is permissible to compel such payment. State ex rel. Coleman v. District Court, 51 Mont. 195, 149 Pac. 973; State ex rel. Murphy v. Second Judicial District Court, 99 Mont. 209, 41 Pac. (2d) 1113; State ex rel. Enochs v. District Court, 113 Mont. 227, 236, 123 Pac. (2d) 971. See also Ex parte Victor, 220 Cal. 729, 32 Pac. (2d) 608; Ex parte Mason, 69 Cal. App. 598, 232 Pac. 157; Ex parte Salkin, 5 Cal. App. (2d) 436, 42 Pac. (2d) 1041; Ex parte Jorgensen, 19 Cal. App. 217, 124 Pac. 1055.

Clearly a person who refuses to perform a judicial order which he is able to perform may be imprisoned until he complies with such order. Section 9918, Revised Codes 1935, provides: ''When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he shall have performed it, and in that case the act must be specified in the warrant of commitment.''

Defendant has failed to discriminate between the contempt

judgment imposing both fine and imprisonment and the means which may be lawfully employed to compel satisfaction of such judgment. State ex rel. Coleman v. District Court, supra.

Defendant asserts that if it be assumed that he was properly found guilty of contempt the sentence "in form" would be authorized under section 9917, Revised Codes 1935, supra, but that in effect the court's order punishes him under the provisions of section 9918, Revised Codes 1935, supra, and that the judgment recognizes his "inability to perform the act required by the order of the Court and then by using the form of section 9917 and the coercive power of 9918 seeks to compel relator to comply with the order of the court in the future" and that the court lacked the power to render such judgment. There is no merit in this contention. It stands undisputed that at the time the judgment was rendered defendant had then defaulted in each and all of the 26 monthly installments that had become due under the decree. For these 26 separate past acts of willful disobedience he was found guilty and sentenced by both fine and imprisonment. The record convinces us that defendant had and has the ability to pay the monthly installments ordered but that he is lacking in disposition to comply with the decree or to contribute anything to the support of his offspring. The evidence was sufficient to give the respondent court jurisdiction to render its judgment finding defendant guilty and to sustain the court's conclusion that "The defendant since the decree has contemptuously avoided making any payment under the decree * * * in utter disregard of his obligation to support or help support his child, and in defiance of the orders of this court."

Purge Order. Defendant complains of the purge order contained tained in the judgment and asserts that the stay of execution granted therein is coercive and beyond the jurisdiction of the court. As was well said in Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517, 521: "These provisions do not have the effect claimed for them. Provisions authorizing one guilty of contempt to purge himself are proper and are within the sound

discretion of the court." The particular provisions of which he complains are for defendant's benefit. They enable him to purge himself without going to jail or paying the fine, provided he complies with the order requiring that, commencing August 20, 1948, he contribute monthly to the support of his child. "In terms, other than a provision for a conditional incarceration, there was no sentence. The order for the confinement of petitioner became operative or effective only upon petitioner's own choosing; and by the same means, such confinement was to be terminated." Ex parte Salkin, supra [5 Cal. App. (2d) 436, 42 Pac. (2d) 1042].

The purge order was made as a matter of grace and not of right. State ex rel. Murphy v. Second Judicial District Court, supra. Defendant's danger of being imprisoned indefinitely for the non-payment of the fine imposed is removed by the constitutional guarantee that, "Excessive bail shall not be required, or excessive fines imposed, or cruel and unusual punishments inflicted." Const. of Montana, art. III, sec. 20. See Ex parte Karlson, 160 Cal. 378, 117 Pac. 447, Ann. Cas. 1912D, 1334. However the purge will not bar subsequent proceedings for future contempts. Each month's default will constitute a new ground for such a proceeding (State ex rel. Murphy v. Judge of Second Judicial District Court, supra) and, on such charges as may result from future defaults the defendant may not successfully defend on the ground that he has already been in jeopardy by reason of his conviction on the old charges involving the 26 past due unpaid installments which he had failed and refused to pay. In the exercise of a sound discretion the respondent court was empowered to make the purge order. Defendant could not possibly suffer prejudice therefrom and it ill becomes him to here complain of an order which alone will stand between him and the county jail once the present proceeding is terminated.

Defendant complains that execution of the contempt judgment stayed from month to month for not to exceed twelve calendar months by the purge order, constitutes a judgment

76

for an indefinite period of time. The contention is untenable. The order clearly fixes twelve months as the maximum limit of the coercive effect of the sentence. If defendant default in any of the twelve monthly installments ordered commencing August 20, 1948, he will be required forthwith to serve his sentence and pay the fine and in default of such payment to serve a maximum of 105 days in the county jail of Ravalli county. The court did not exceed its jurisdiction in making such order.

Defendant asserts that the judgment seeks to have him change his occupation. Not at all. It merely compels him to change his attitude and ways—not his occupation.

Defendant complains of the severity of the judgment. The sentence does not exceed the maximums prescribed by statute. It is therefore within jurisdiction and may not be disturbed on this proceeding. As was said of a similar contempt judgment in Wenger v. Wenger, supra: ''Even though it may be considered severe it must be upheld. In view of all the facts of this case, we are unable to say that defendant did not deserve the sentence imposed on him.''

It is ordered that the writ be discharged and the proceeding dismissed.

Associate Justices Gibson, Choate, Angstman and Metcalf concur.