No. 14981

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

IN RE THE MARRIAGE OF
LINDA WILLIAMS,

           Petitioner and Respondent,

    -vs-

HARRY L. WILLIAMS,

           Respondent and Appellant.

---

Appeal from:  The District Court of the Eleventh Judicial
               District, In and for the county of Flathead,
               The Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

    For Appellant:

        James D. Moore, Kalispell, Montana

    For Respondent:

        Kenneth E. O'Brien, Kalispell, Montana

---

Submitted on Briefs: March 6, 1980

Decided: JUN 4 - 1980

Filed: JUN 4 - 1980

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Appellant appeals from an order denying his petition to modify support payments. The order was entered by the District Court, Eleventh Judicial District, Flathead County.

The parties to this action were divorced on December 13, 1971. Under the divorce decree, respondent was given the custody of the parties' four minor children. Appellant was ordered to pay $60 per month per child in support payments.

In September 1977, the District Court entered an order modifying child support. Under this order appellant was required to pay $75 per month per child until July 1, 1978, and thereafter $85 per month per child current support and $50 per month on accrued support which totaled $2,280.

Shortly after the entry of this order, appellant sustained an injury which resulted in a one month disability. The parties stipulated in writing to reduce appellant's October 1977 child support obligation by one-half.

In addition to this, one of the children began residing with appellant on a part-time basis while attending school. As a result of these circumstances, the parties further stipulated to reduce appellant's child support obligation, as to that child, by one-half. Approximately a year after the September 1977 order the appellant sustained a severe, work-related injury to his foot, and as a result, the front half of the foot was nearly severed. He underwent two operations and was still totally disabled at the time of the May 1979 hearing.

At the time of the September 1977 order, appellant's monthly net income was $1,074.62. As a result of the second injury and his temporary total disability, appellant's expendable income was diminished. His cumulative income,

-2-

after the accident, comprised of industrial accident disability benefits in the sum of $752 a month and disability credit payments in the sum of $153.71 per month, for a total monthly income of $905.71.

This situation was brought to the attention of the District Court, and although a formal petition was not filed by either party, proceedings were commenced for a full review of child support obligations and for such modification as had become appropriate under the circumstances. The District Court entered its findings of fact, conclusions of law and order on May 22, 1979. It found that appellant owed $2,335 in accrued support and ordered him to repay the sum at the rate of $50 per month. The court, however, suspended these payments during the period of appellant's disability. The court further ordered appellant to continue to pay child support for the couple's two remaining minor children at the rate of $85 per month, suspending $10 per child per month during the period of disability. These suspended payments were to be added to the amount appellant owed in accrued support. The court also required the parties to share equally all medical, dental and ocular expenses in excess of the insurance coverage which appellant is required to maintain. Finally, the court ordered that during periods of visitation of two weeks or more, the child support payments would be reduced by one-half for the duration of the visit.

Appellant raises the following issue on appeal:

1. Whether the District Court's findings of fact and conclusions of law were sufficient to support the May 1979 order?

More particularly, the issues to be resolved are:

(a) Did the District Court err in denying appellant a reduction in child support?

(b) Did the District Court err in its computation of accrued child support?

(c) Did the District Court err in reserving the right to order all or a part of accrued support to be paid from proceeds of appellant's industrial accident settlement, if any?

Appellant initially contends that the District Court erred in not reducing his child support obligation. He submits that the change in his financial circumstances occurring after his accident was sufficient to require a modification of the support decree. Respondent argues that the plan laid out by the District Court to suspend appellant's payments during the period of disability was a more than adequate modification under the circumstances.

Before it was amended in 1979, and for the purposes of this appeal, section 40-4-208(1), MCA, provided:

"Except as otherwise provided in 40-4-201(6), the provisions of any decree respecting maintenance or support may be modified by a court only as to installments accruing subsequent to the motion for modification and either:

"(a) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; or

"(b) upon written consent of the parties. The provisions as to property disposition may not be revoked or modified by a court, except:

"(i) upon written consent of the parties; or

"(ii) if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state."

The record here shows that the trial court was cognizant of appellant's financial situation when issuing its order partially suspending support payments. Further, the order was formulated in a manner which would serve the best interests of the children. Therefore, we cannot say that

-4-

the District Court abused its discretion in modifying the support payments as it did. We affirm that portion of the modification order partially suspending appellant's future child support.

We must, however, reverse that part of the order relating to the suspension of payments for appellant's delinquent child support during the period of his disability. This portion of the order, in effect, modified the judgment previously entered in the District Court as to the accrued child support payments. As such, it conflicts with section 40-4-208(1), MCA, and is impermissible. Williams v. Budke (1980), ___ Mont. ____, 606 P.2d 515, 37 St.Rep. 228, 231.

> ". . . the order of the District Court deferring payments took away [the wife's] right to levy execution for the accrued payments if property could be found in the possession of the husband which could be applied to the arrearages. Our holding here keeps in force the rights that every holder of a judgment for support in a dissolution of marriage has:
>
> "'. . . There are various means of enforcing orders directing the payment of support money in actions for divorce. The most common are: (a) By requiring the husband to give security for the enforcement of the payments ordered [citing a statute and a case]; (b) by contempt proceedings [citing cases]; (c) by execution, as in the case of other money judgments [citing the authority]; and (d) by invoking the police power of the state to punish the parent for wilfully failing, refusing or neglecting to support his child [citing authority].' State v. District Court (1948), 122 Mont. 61, 72, 198 P.2d 761, 767.
>
> "Moreover, our holding here does not mean that a District Court is entirely without power to arrange a deferred schedule for arrearages and support payments. . . The District Court always has jurisdiction in contempt proceedings for the purpose of enforcing a support money decree, to find the defaulting party in contempt, and to stay the execution of punishment for the contempt upon the proviso that the defaulting party purge himself by making payments in accordance with a schedule established by the District Court. We so stated in State v. District Court, supra, 122 Mont. at 74, 75, 198 P.2d at 768.

> "However, the deferral schedule adopted by the District Court here, without reference to contempt, constituted a modification of a judgment for accrued payments. This cannot be done."
> Williams v. Budke, supra, 37 St.Rep. at 232-33.

Appellant next contends the District Court erred in computing the amount of delinquent child support owed by him. A review of the record indicates that, although a conflict in the evidence exists, there is substantial evidence to support the District Court's findings and conclusions. Cameron v. Cameron (1978), ___ Mont. ___, 587 P.2d 939, 35 St.Rep. 1723. The District Court's computation of accrued child support is therefore affirmed.

Finally, appellant submits the District Court erred in its Finding of Fact No. 15 wherein it reserved the right to order all or a portion of the delinquent child support payments to be paid from any workers' compensation settlement appellant might receive. This is merely a statement of a future action the court might take. It is not a final order and, therefore, does not constitute an appealable issue. Rule 1, M.R.App.Civ.P.

The judgment of the District Court is affirmed in part and reversed in part.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-6-