MR. JUSTICE SHEEHY,
dissenting:
I dissent.
In this case, Chilcote, knowing of the existence and provisions of the District Court order, is guilty of an unlawful interference with the proceedings of the District Court. Section 3-l-501(l)(i), MCA. For such contempt, he is liable to the power of the District Court, even though he is not a party to the underlying action. The power of the District Court reaches to any person or officer who is in contempt of *457 the authority of the court by misbehavior in office or by any other unlawful interference with the process of proceedings of the court. See McPartlin v. Fransen (1978), 178 Mont. 178, 582 P.2d 1255.
This Court is failing to recognize that a District Court has the power to enforce its order by contempt proceedings. Our statutes recognize this, when they include:
“Section 3-1-520. Imprisonment to compel performance. When the contempt consists in [sic] the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he shall have performed it. In that case, the act must be specified in the warrant of commitment.”
What the District Court was doing in this case was attempting to follow the provisions of our statutes with respect to its power. We should modify the order of the District Court in this case so that a fine is levied against Chilcote for his past contempt in frustrating the lawful order of the court, and imprisonment ordered until he performs the act which the District Court had decreed in its order, unless it is now beyond his power to do so.
In a civil contempt proceeding, a fine is imposed as punishment for past contemptuous conduct and imprisonment is ordered where the defendant refuses to do an affirmative act required by an order mandatory in its nature. See U.S. v. Montgomery (D.Mont.1957), 155 F.Supp. 633. One who refuses to perform a judicial order which he is able to perform may be imprisoned until he complies with such order. State ex rel. Lay v. District Court, Fourth Judicial District in and for Ravalli County (1948), 122 Mont. 61, 198 P.2d 761.
The only question before this Court is the propriety of the District Court order holding Chilcote in contempt. He is in contempt as long as he does not deposit with the trustee named in the order the sum of $60,000. Whether eventually he may be liable for the full amount of $60,000 to the remaining parties is a matter of a future determination after *458 trial by a court. But, at this juncture, the question before this Court and before the District Court, is, should Chilcote have been required to place in deposit with the trustee the sum of $60,000? The majority opinion goes afield from this question and raises complications which are unnecessary to its decision. All we have to decide here is whether Chilcote, a nonparty, is subject to the contempt jurisdiction of the District Court. In this case, all of us seem to recognize that he is. Since he is subject to the contempt power of the court, the lawful order of the court, which otherwise appears proper, ought to be permitted. Otherwise, the District Court is powerless to enforce its orders.
I would, therefore, modify the judgment of the District Court to require that Chilcote follow the order by depositing $60,000 with the trustee; and, unless it is beyond his power to do so, I would enforce the order through the permitted fine, and to such jail time as is necessary to bring about compliance with the court’s order. Section 3-1-520, MCA. Once the money is on deposit with the trustee, the remaining questions as to the extent of Chilcote’s liability could be litigated.